[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 1216.]

MCGUIRE, APPELLEE, *v.* LOVELL ET AL., APPELLANTS.

[Cite as *McGuire v. Lovell*, 1999-Ohio-296.]

*Appeal dismissed as improvidently allowed.*

(No. 98-946—Submitted April 21, 1999 at the Hardin County and Ohio Northern University Law School Session—Decided May 26, 1999.)

APPEAL from the Court of Appeals for Marion County, No. 9-97-77.

_____

*J.C. Ratliff* and *Javier H. Armengau*, for appellee.

*Day & Cook, L.P.A., David L. Day* and *Douglas J. Segerman*, for appellants.

_____

{¶ 1} The appeal is dismissed, *sua sponte*, as having been improvidently allowed.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

_____

**MOYER, C.J., dissenting.**

{¶ 2} I believe this case raises a legal issue that should be decided by this court. Accordingly, I dissent from the decision of the majority, which holds that jurisdiction in this case was improvidently allowed. The legal issue is whether an off-duty police officer is entitled to the immunity protections of R.C. 2744.02(B)(1)(a) when responding in good faith to a police radio dispatch indicating a crime is in progress, even if the officer is not personally directed to respond. I would hold that the immunity protections do apply and would reverse the judgment of the court of appeals. Summary judgment is appropriate in this case because the plaintiff did not offer any evidence to contradict the premise that the officer was responding in good faith to an emergency call. Plaintiff offered some

evidence from which a jury could possibly have found that the officer negligently proceeded through an intersection, but in my view offered no evidence raising an issue of material fact that would support a finding that Deputy Lovell acted in a willful, wanton, or reckless manner.

I

Facts

{¶ 3} The facts, taken in the light most favorable to the plaintiff, as are follows:

{¶ 4} On the afternoon of November 9, 1992, plaintiff, Harold L. McGuire, was a passenger in a pickup truck traveling north on Kensington Avenue.  As the truck entered the intersection of Kensington Avenue and State Route 309, it was hit by a police cruiser driven by off-duty police officer, defendant Deputy Brian  L. Lovell.  As a result of this collision, McGuire sustained injuries.

{¶ 5} It is undisputed that Deputy Lovell proceeded through the intersection on a red light.  Although there is a dispute as to exactly when Deputy Lovell activated his lights and siren, it is undisputed that the lights were activated before he entered the intersection and that the siren was activated before the collision. Plaintiff offered no evidence to contradict testimony from the officer and an independent eyewitness indicating that when he entered the intersection the officer was operating his vehicle at a speed between twenty and thirty-five m.p.h., which was at or under the legal speed limit.  The plaintiff alleges that the view from Kensington, upon entering this intersection, is hampered by a house, trees, and a utility pole, so that the driver of the truck may not have been able to see the police cruiser prior to entering the intersection.

II

Immunity

**{¶ 6}** Plaintiff does not challenge the premise that an off-duty police officer is immune from liability for negligent actions under R.C. 2744.02 when responding to an emergency call. Nor has he challenged the fact that just prior to the accident, Deputy Lovell heard a radio transmission announcing a burglary in progress. Rather, plaintiff argues that, because the radio dispatcher did not specifically ask Deputy Lovell, himself, to respond, there remains a question of fact as to whether he was responding to an "emergency call" as defined in R.C. 2744.01(A). The court of appeals' opinion supports the plaintiff's premise. Further, the court of appeals seems to hold that as a matter of law, an off-duty officer should not be protected by governmental immunity when responding to a radio dispatch unless the dispatch was directed personally to that officer. I disagree.

**{¶ 7}** An emergency call is defined as "a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." R.C. 2744.01(A). This is a broad definition and is not limited to circumstances where an officer is personally and explicitly instructed to report to the scene of a crime. Further, plaintiff cites no Ohio case that has ever imposed such a limitation.

**{¶ 8}** To the contrary, we have previously held that an officer has a continuing duty to obey and enforce the criminal law whether on or off duty. *Warrensville Hts. v. Jennings* (1991), 58 Ohio St.3d 206, 211, 569 N.E.2d 489, 494. Pursuant to R.C. 2921.44(A)(2), an officer may even be criminally liable for negligently failing to prevent or halt the commission of a crime or to apprehend an offender if it is within his or her power to do so. Thus, when an officer becomes aware of a crime in progress, and is in a position to respond, the officer has a legal duty to do so.

**{¶ 9}** Deputy Lovell testified at deposition that he was responding to a police dispatch, and presented an affidavit of the Marion County Sheriff's Department dispatcher and the dispatch report for November 9, 1992 corroborating this testimony. This evidence was properly submitted in support of defendants' motion for summary judgment. Although the plaintiff implied in his argument opposing summary judgment that Deputy Lovell may not have been responding to a police dispatch when he entered the intersection, it is well settled that the party opposing a summary judgment motion may not rest upon mere allegations or denials of his pleadings. Rather, the nonmoving party must set forth specific facts to show that there is a genuine issue of material fact for trial. The plaintiff failed to meet this burden.

**{¶ 10}** On appeal, the plaintiff acknowledged that Deputy Lovell was on his way to the sheriff's department to report to work when he allegedly heard a radio dispatch concerning a burglary in progress. Though he was not personally dispatched to the scene, Deputy Lovell chose to respond to the call, believing in good faith that he was in a position to provide backup. Because the radio dispatch communicated the existence of a crime in progress and because an officer is duty-bound to respond to such a call when it is within his or her power to do so, the radio communication was a call to duty constituting an "emergency call" under the immunity statute. As plaintiff failed to raise any genuine issue of material fact that would prevent judgment for the defendants as a matter of law, there is no triable issue, and summary judgment determining that R.C. 2744.02(B)(1)(a) immunity applies under these facts was appropriate.

III

Wanton and Willful Exception

{¶ 11} In order to establish a genuine issue of material fact regarding willful and wanton conduct, the plaintiff would have had to set forth specific facts indicating that Deputy Lovell acted with the intent, purpose, or design to injure, or that he failed to exercise " ' "any care whatsoever toward those to whom he owes a duty of care." ' " *Gladon v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St.3d 312, 319, 662 N.E.2d 287, 294, quoting *Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, 4 O.O.3d 243, 363 N.E.2d 367, syllabus. The plaintiff did not meet this burden.

{¶ 12} In the context of immunity, reckless conduct has been viewed as interchangeable with wanton conduct. This, however, does not diminish the level of misconduct required to meet either standard. Both standards refer to conduct that causes risk " 'substantially greater than that which is necessary to make [the] conduct negligent.' " See *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 104-105, 559 N.E.2d 705, 708; *Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351, 356, 639 N.E.2d 31, 35. " '[M]ere negligence is not converted into wanton [or reckless] misconduct unless the evidence establishes a disposition to perversity on the part of the tortfeasor.' " *Fabrey* at 356, 639 N.E.2d at 35, citing *Roszman v. Sammett* (1971), 26 Ohio St.2d 94, 96-97, 55 O.O.2d 165, 166, 269 N.E.2d 420, 422.

{¶ 13} The opposition to summary judgment made no allegation that Deputy Lovell acted with intent, purpose, or design to injure. Nor did it set forth any facts that would support a finding that Deputy Lovell failed to exercise "any care whatsoever" when entering the intersection. The evidence does not establish, or even allege, that Deputy Lovell acted with a disposition to perversity sufficient to convert negligence into wanton or reckless conduct.

**{¶ 14}** The undisputed facts show that Deputy Lovell heard a radio dispatch for a burglary in progress. He chose to respond to the scene to provide backup. En route to the scene, he turned on his lights and siren and proceeded through a red light, at a speed between twenty and thirty-five m.p.h., which is at or below the legal speed limit. In doing so, he hit a truck, causing injury to the plaintiff, McGuire. While these facts may present a question of fact as to whether Deputy Lovell's conduct constituted negligence, as originally alleged in plaintiff's complaint, they do not support a finding of wanton and willful conduct that would negate the immunity provisions of R.C. 2744.02(B)(1)(a). It is possible that Deputy Lovell was negligent by not turning on his lights and siren sooner; it is possible he was negligent for not stopping before proceeding through the intersection; and it is possible he was even negligent for proceeding in response to the radio dispatch without further authorization. However, as it is undisputed that he was traveling at a low speed, at or below the legal speed limit, had activated his lights and siren before entering the intersection, and was responding in good faith to a perceived emergency, it cannot be said that he failed to exercise any care whatsoever.

**{¶ 15}** For the above-mentioned reasons, I would decide the legal issue, holding that an off-duty police officer is entitled to the immunity protections of R.C. 2744.02(B)(1)(a) when responding to a police radio dispatch indicating a crime is in progress, even if the officer is not personally directed to respond, and would reverse the judgment of the court of appeals, as the plaintiff did not meet his burden of setting forth facts to show that there is a genuine issue of material fact sufficient to preclude judgment for the defendants, as a matter of law.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

————————————