[Cite as *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 122 Ohio St.3d 260, 2009-Ohio-2871.]

THE STATE EX REL. GILMOUR REALTY, INC., APPELLANT, *v.* CITY OF MAYFIELD HEIGHTS ET AL., APPELLEES.

[Cite as *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*,

122 Ohio St.3d 260, 2009-Ohio-2871.]

*Real property — Zoning — Regulatory-takings claim not established.*

(No. 2009-0229 — Submitted June 16, 2009 — Decided June 24, 2009.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 90575, 2009-Ohio-29.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a summary judgment denying a writ of mandamus to compel a city and its planning commission to commence appropriation proceedings based on an alleged regulatory taking. Because the summary-judgment evidence was insufficient to raise a triable issue on appellant's regulatory-takings claim and the evidence established as a matter of law that the claim lacked merit, we affirm the judgment of the court of appeals.

**Purchase of Property for Commercial Use**

{¶ 2} Beginning in 1999, appellant, Gilmour Realty, Inc. ("Gilmour" or "the company"), operated a mortgage brokerage and title agency on property it owned at 5747 Mayfield Road in appellee city of Mayfield Heights, Ohio. Gilmour purchased two properties in Mayfield Heights: 1461 Eastwood Avenue in 2001 and 1455 Eastwood Avenue in 2003. Before each purchase, the city verified to Gilmour that the property was zoned U-4 Local Retail/Wholesale District, which permitted commercial use. The Eastwood Avenue properties were located directly north of Gilmour's existing business property, and Gilmour bought them for use as additional office space. The Mayfield Heights City

Council approved a site plan for the conversion of Gilmour's Eastwood Avenue properties for office use in conjunction with the company's existing mortgage and title businesses at 5747 Mayfield Road in March 2003. According to Gilmour's president, after the city approved the commercial use of the properties purchased, Gilmour "spent a considerable amount of money in * * * renovating, converting and improving the properties so they could be used by [Gilmour] as office space."

### Business Relocation from Mayfield Road and Sale of Properties

{¶ 3}  By June 2003, Gilmour had moved from its Mayfield Road location because it needed more space. According to the mayor, however, Gilmour moved because the city would not permit use of the building's second floor without remodeling it to conform to the building code. In a filing in a common pleas court case, Gilmour admitted that it had vacated its Mayfield Road office and had put the Mayfield Road and neighboring Eastwood Avenue properties up for sale. By the end of 2004, Gilmour had sold the Mayfield Road and Eastwood Avenue properties.

### The Rezoning of the Property

{¶ 4}  In January 2004, appellee Mayfield Heights Planning Commission recommended that the city council rezone Gilmour's Eastwood Avenue properties from U-4 Local Retail/Wholesale District, which permits commercial use, to U-1 Single Family House District, which does not.

{¶ 5}  In March 2004, the city council adopted Ordinance No. 2004-4, which rezoned 1455 and 1461 Eastwood Avenue from U-4 to U-1.

### Action for Declaratory and Injunctive Relief

{¶ 6}  Gilmour later filed a complaint in the Cuyahoga County Court of Common Pleas requesting a declaratory judgment against the city, its mayor, and its council members and an injunction prohibiting them from rezoning the Eastwood Avenue properties. Gilmour alleged that the city's rezoning of these properties constituted a compensable taking.

2

**Mandamus Case – Dismissal**

{¶ 7} In October 2007, Gilmour filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellees, Mayfield Heights and the Mayfield Heights Planning Commission, to commence appropriation proceedings. Gilmour alleged that the city's rezoning of the Eastwood Avenue properties from commercial to residential constituted a taking because the rezoning denied Gilmour the economically viable use of its land and interfered with its investment-backed expectations for the property. Appellees filed a motion for summary judgment or dismissal. Gilmour filed a motion for summary judgment.

{¶ 8} The court of appeals treated appellees' motion as a motion to dismiss for failure to state a claim upon which relief can be granted, granted the motion, and dismissed Gilmour's mandamus complaint. 174 Ohio App.3d 113, 2007-Ohio-6480, 881 N.E.2d 277. The court of appeals concluded that Gilmour's pending common pleas court action for declaratory and injunctive relief constituted an adequate remedy in the ordinary course of law, which precluded the mandamus action. Id.

**Reversal and Remand**

{¶ 9} On appeal, we reversed the judgment of the court of appeals because the court of appeals erred in holding that Gilmour's pending action for declaratory and injunctive relief barred the company's mandamus action to compel appellees to institute appropriation proceedings. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 119 Ohio St.3d 11, 2008-Ohio-3181, 891 N.E.2d 320. We remanded the cause to the court of appeals for the parties to "be given the opportunity to introduce evidence and argument on Gilmour's partial regulatory-takings claim." Id. at ¶ 21.

**Mandamus Proceedings on Remand**

**{¶ 10}** On remand, the court of appeals granted the parties leave to file supplemental briefs and noted that the disposition of the case would be based on the previously filed motions and briefs as well as the supplemental briefs. Gilmour filed a supplemental brief that included an attached, unsworn real estate appraisal. Appellees filed a brief with several unsworn and unauthenticated exhibits. Neither party requested an evidentiary hearing or oral argument.

**{¶ 11}** In January 2009, the court of appeals granted appellees' motion for summary judgment, denied Gilmour's motion for summary judgment, and denied the writ.

**{¶ 12}** This cause is now before the court upon Gilmour's appeal as of right.

### Mandamus – Regulatory Taking

**{¶ 13}** Gilmour first argues that the court of appeals' supplemental-briefing order erroneously modified our remand order by limiting the evidence the court of appeals would consider. To the contrary, we instructed that on remand, the parties be afforded "the opportunity to introduce evidence and argument." Nothing in the court of appeals' order prohibited the parties from offering evidence. Gilmour also did not request an evidentiary hearing or oral argument. See Loc.App.R. 45(B)(4) of the Eighth Appellate District ("If the parties do not stipulate to the evidence, then the court may appoint a magistrate to take testimony on issues of disputed fact").

**{¶ 14}** Gilmour next claims that the court of appeals erred in granting summary judgment in favor of appellees and denying the writ. "Summary judgment is appropriate if (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary

judgment is made." *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9; see also *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 11.

{¶ 15} To be entitled to a writ of mandamus, Gilmour must establish a clear legal right to compel the city and its planning commission to commence appropriation, a corresponding clear legal duty on the part of the city and planning commission to institute that action, and the lack of an adequate remedy for Gilmour in the ordinary course of law. *State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs.*, 115 Ohio St.3d 337, 2007-Ohio-5022, 875 N.E.2d 59, ¶ 15. "Mandamus is the appropriate action to compel public authorities to commence appropriation cases when an involuntary taking of private property is alleged." Id.

{¶ 16} For Gilmour's attempt to establish the remaining requirements of a clear legal right and duty, the regulatory-takings claim requires an examination of (1) the economic impact of the regulation on Gilmour, (2) the extent to which the regulation has interfered with the company's distinct investment-backed expectations, and (3) the character of the government action. *Penn Cent. Transp. Co. v. New York City* (1978), 438 U.S. 104, 124, 98 S.Ct. 2646, 57 L.Ed.2d 631; *Gilmour Realty*, 119 Ohio St.3d 11, 2008-Ohio-3181, 891 N.E.2d 320, ¶ 21.

{¶ 17} Notwithstanding Gilmour's arguments to the contrary, the undisputed evidence establishes that it moved its business from the properties at issue for reasons other than the rezoning it challenges in its mandamus action. Gilmour moved from its Mayfield Road office before the rezoning occurred, and by the end of 2004, Gilmour had sold all of its properties in or near that location. Although appellees did not support these pertinent facts with evidence of the kinds specified in Civ.R. 56(C), courts may consider other evidence if there is no objection on this basis. *State ex rel. Spencer v. E. Liverpool Planning Comm.* (1997), 80 Ohio St.3d 297, 301, 685 N.E.2d 1251; *Loukinas v. Roto-Rooter Servs.*

*Co.*, 167 Ohio App.3d 559, 2006-Ohio-3172, 855 N.E.2d 1272, ¶ 22. Gilmour did not object to this evidence based on any alleged noncompliance with Civ.R. 56. Instead, the company filed a motion to strike appellees' brief on the mistaken ground that it did not comply with the court's remand order. The court of appeals correctly denied Gilmour's motion.

{¶ 18} This evidence established that the rezoning had little or no effect on Gilmour and that it did not substantially interfere with Gilmour's distinct investment-backed expectations. Gilmour had vacated the Mayfield property and had relocated its business by the time the rezoning became effective. This is not a case in which the challenged governmental action caused "substantial individualized harm." *Penn Cent.*, 438 U.S. at 125, 98 S.Ct. 2646, 57 L.Ed.2d 631. Therefore, even if the court of appeals had credited the affidavit of Gilmour's president, appraisal report, and other evidence, the evidence submitted by the parties failed to raise a genuine triable issue under the *Penn Cent.* test. *State ex rel. Trafalgar Corp. v. Miami Cty. Bd. of Commrs.*, 104 Ohio St.3d 350, 2004-Ohio-6406, 819 N.E.2d 1040, ¶ 28.

{¶ 19} Therefore, because the summary-judgment evidence established as a matter of law that Gilmour's regulatory-takings claim lacked merit, the court of appeals properly granted appellees' motion for summary judgment and denied the writ. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Rudolph J. Geraci, for appellant.

Leonard F. Carr and L. Bryan Carr, for appellees.

_____

6