[Cite as *R & R Takhar Oil Co., Inc. v. PN & SN Mann, L.L.C.*, 2011-Ohio-4548.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

R&R TAKHAR OIL CO. INC.          :

    Plaintiff-Appellee          :          C.A. CASE NO. 24444

vs.          :          T.C. CASE NO. 09CV5134

PN & SN MANN LLC, et al.          :          (Civil Appeal from
                                         Common
                                Pleas Court)
    Defendant-Appellants          :

. . . . . . . . .

O P I N I O N

Rendered on the 9th day of September, 2011.

. . . . . . . . .

Peter J. Jerardi, Jr., Atty. Reg. No. 0007409, 130 W. Second Street, Suite 800, Dayton, OH 45402
    Attorney for Plaintiff-Appellee

Keith A. Fricker, Atty. Reg. No. 0037355, 7460 Brandt Pike, Huber Heights, OH 45424
    Attorney for Defendant-Appellant

. . . . . . . . .

VUKOVICH, J. (BY ASSIGNMENT):

{¶ 1} Defendant-appellant Parmjit Singh appeals the decision of the Montgomery County Common Pleas granting summary judgment to plaintiff-appellee R&R Takhar Oil Company, Inc. Appellant argues that, since he was *pro se*, the court should have construed his

filings more strongly in his favor in determining whether he presented a genuine issue of material fact for trial. As appellant's response to summary judgment was not supported by evidence as required by Civ.R. 56 but merely made general denials and requests for more proof, the court properly granted summary judgment.

## STATEMENT OF THE CASE

{¶ 2} On January 27, 2006, appellee [the supplier] entered into a contract to deliver gasoline to a gas station in Botkins, Ohio run by PN & SN Mann, LLC. The members of this LLC were Navjit Kaur and appellant Singh. This contract was signed by both Kaur and Singh and was also personally guaranteed by Singh. On November 27, 2007, the supplier entered into a contract to deliver gasoline to the LLC's Fairborn, Ohio location. This contract was signed and personally guaranteed by Singh.

{¶ 3} On June 19, 2009, the supplier filed a complaint against the LLC, Singh, and Kaur alleging that $262,355.84 was due for gasoline delivered to the Fairborn location and $8,838.16 was due for gasoline delivered to the Botkins location. The contracts were attached to the complaint. Singh and Kaur filed a *pro se* answer asking for individual proof regarding the two locations.[1]

---

[1] The answer did not purport to be filed on behalf of the LLC. Notably, although later filings purported to be filed *pro se* on behalf of the LLC, members of an LLC are not permitted to represent

{¶ 4} On November 2, 2009, the supplier filed a motion for summary judgment. In support, the supplier attached the affidavit of its president, who stated that records of gasoline sales, invoicing, and payment are kept in the ordinary course of business by the supplier, including those related to this LLC. The affidavit then stated that the unpaid invoices, after applying all payments and credits, total $8,838.16 for the Botkins location and $262,355.84 for the Fairborn location. It also provided the total gallons used for each location.

{¶ 5} On November 3, the LLC, Singh, and Kaur filed a document stating that the supplier's demands should be rejected as they are baseless and because the proof was not provided until the motion for summary judgment was filed. Although they did not attempt to engage in discovery, they complained about the lack of specifics regarding delivery, consignment, loads, and payments. They attached what was essentially a copy of their answer.[2]

{¶ 6} On November 6, the defendants asked that the November 3 filing be accepted as an amended answer. They also mentioned that

---

the LLC in common pleas court as this constitutes the unauthorized practice of law. See *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, ¶18.

[2] They added a statement that there was no agreement in which the supplier became the seller in writing for the Fairborn location; however, this was placed under their argument for the supplier's third claim for relief, which dealt with liquidated damages, a claim later dismissed by the supplier.

they disputed the affidavit of the supplier's president regarding the amounts due as the amount of gallons "is huge amount." They then asked the court to compare their contracts with those of other Marathon gas stations but did not provide such to the court.

{¶ 7} On November 24, the supplier filed a reply, stating that the defendants' response was no more than a general denial and was not in the form required by Civ.R. 56. The supplier urged that the only pieces of Civ.R. 56 evidence properly before the court were the contracts and the affidavit regarding the amounts due.

{¶ 8} On December 2, the defendants refiled their November 6 filing, this time attaching affidavits and copies of invoices. No contemporaneous leave was sought to add attachments to the prior filing (which was already a request to amend two prior filings). The affidavits of both Singh and Kaur state:

{¶ 9} "1.  That I am member of PN&SN Mann LLC

{¶ 10} "2.  That 1,439,011 gallons of gasoline delivered by R&R Takhar Oil Co at location 10 west Dayton Drive. Fairborn, Ohio from which unpaid invoices of $262,355.84 claimed by the Plaintiff is rejected and opposed."

{¶ 11} On December 28, 2010, the court granted summary judgment on the supplier's claim for unpaid gasoline.[3]  The court noted that

---

[3]The court denied summary judgment as to the supplier's claim for liquidated damages, and the supplier then dismissed

the non-movant cannot rest on the mere allegations or denials of its pleading but must set forth specific facts showing there is a genuine issue for trial. The court then found that the defendant's responses were not in the form required by Civ.R. 56. Judgment was entered against the LLC and Singh jointly and severally in the sum of $271,194 and against Kaur jointly and severally in the amount of $8,838.16.

{¶ 12} At this point, the defendants retained counsel for the first time, and a timely appeal was filed. Two extensions were filed by counsel solely on behalf of defendant-Singh. On April 25, 2011, a brief was filed on behalf of Singh alone. Thus, the judgment against the LLC and the $8,838.16 judgment against Kaur are not being protested. We thus proceed, using "appellant" to refer only to Singh.

### ASSIGNMENT OF ERROR

{¶ 13} Appellant's sole assignment of error alleges:

{¶ 14} "THE TRIAL COURT ERRED IN GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT."

{¶ 15} Appellant admits that he did not specifically defend the summary judgment in the manner called for by the Civil Rules and

---

this claim, disposing of all claims. The court also dismissed counterclaims that the defendants attempted to file after the summary judgment motion, response, and reply were filed. That decision is not being appealed.

admits that he merely relied on a blanket denial. Appellant essentially argues that, because he was pro se, the court should have found that there could be a genuine issue for trial.

{¶ 16} Summary judgment can be granted where there remains no genuine issue of material fact for trial in that, after construing the evidence most strongly in favor of the nonmovant, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Byrd v. Smith*, 110 Ohio St.3d 124, 2006-Ohio-3455, ¶10, citing Civ.R. 56(C). The initial burden of showing that there is no genuine issue of material fact falls upon the party who files for summary judgment. Id., citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 662 N.E.2d 264. Thereafter, the nonmovant may not rest upon mere allegations or denials of the party's pleadings but must respond by setting forth specific facts showing that there is a genuine issue for trial. Id., citing Civ.R. 56(E). If the nonmoving party does not respond in the proper fashion, summary judgment can be entered against that party. Civ.R. 56(E).

{¶ 17} Here, it is not disputed that the supplier met its initial burden for summary judgment. The contracts were attached to the complaint and were proper summary judgment evidence. *ODJFS v. Amatore*, Mahoning App. No. 09MA159, 2010-Ohio-2848, ¶38, citing *Inskeep v. Burton*, Champaign App. No. 2007CA11, 2008-Ohio-1982,

¶17, citing Civ.R. 10(C). Moreover, the affidavit of the supplier's president was attached to the summary judgment motion, swearing that the amounts claimed were actually due according to the records kept in the ordinary course of business and providing the gallons used at each location.

{¶ 18} Appellant responded to the motion by citing to his answer with minor amendments and generally denying liability. Appellant referenced the affidavit attached to the summary judgment motion and basically asked for the supplier to be required to provide more proof; essentially asking the court to conduct the discovery that was the obligation of appellant. No affidavits or other Civ.R. 56 material were attached. The contents of this filing were admittedly insufficient to meet the reciprocal burden of countering a summary judgment motion. See *American Express Centurian Bank v. Banaie*, Mahoning App. No. 10MA9, 2010-Ohio-6503, ¶5, 12-17 (after contract was attached to complaint and evidence provided on amounts due, defendant entered only a general denial and complaints about lack of record of account). Thereafter, the supplier filed a reply, noting this problem and pointing out that summary judgment was appropriate. It was at this point, that appellant filed a document with affidavits and invoices attached. However, there are multiple problems with this filing.

{¶ 19} First, the invoices cannot be considered as they are not proper evidence under Civ.R. 56 without an accompanying affidavit or deposition for instance swearing to what they are. See Civ.R. 56(C), (E). See, also, *Hager v. Waste Tech. Indus.*, Columbiana App. No. 2000-CO-45, 2002-Ohio-3466, ¶92.

{¶ 20} As for the affidavits, they are unclear: it is unknown whether appellant "rejected and opposed" the contract, the amount claimed to have been delivered, the claim that fuel was delivered, or the amount charged for the delivery. Thus, the affidavits still merely constitute a general denial, as appellant seems to concede on appeal. That is, the mere rejection of the plaintiff's claim does not meet the nonmovant's burden to set forth specific facts to show there is a genuine issue for trial. See *McGuire v. Lovell* (1999), 85 Ohio St.3d 1216, 1218.

{¶ 21} In any event, appellant's response to summary judgment had already been submitted and a reply had already been filed. Plus, appellant's filing with the affidavits attached was not a timely response to summary judgment. See Mont. Cty. Loc.R. 2.01 V A 3 b (4)(a); 2.05 II B 1 a-b. Finally, appellant termed this filing a refiled document, but he did not seek contemporaneous leave, provide an explanation, or disclose that new evidence was attached.

{¶ 22} For all of these reasons, the trial court's decision entering summary judgment in favor of the supplier in the amount

sought for actual damages on the contract is upheld. This assignment of error is overruled, and the trial court's judgment is affirmed.


FAIN, J. And DONOVAN, J., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)


Copies mailed to:

Peter J. Jerardi, Jr., Esq.
Keith A. Fricker, Esq.
Hon. Frances E. McGee