[Cite as *Target Natl. Bank v. Loncar*, 2013-Ohio-3350.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| TARGET NATIONAL BANK, | ) | CASE NO.    12 MA 104 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| PATRICIA LONCAR, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Civil Appeal from County Court No. 5,
                                                          Case No. 10CVF2286.


JUDGMENT:                                         Judgment modified and affirmed.


APPEARANCES:
For Plaintiff-Appellee:                          Attorney William McCann
                                                          1100 Superior Avenue, 19th Floor
                                                          Cleveland, Ohio  44114-2581


For Defendant-Appellant:                     Attorney Thomas Michaels
                                                          839 Southwestern Run
                                                          Youngstown, Ohio  44514


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Frank D. Celebrezze, Jr.,
        Judge of the Eighth District Court of Appeals,
        Sitting by Assignment.


                                                          Dated:  June 25, 2013

VUKOVICH, J.

{¶1} Defendant-appellant Patricia Loncar appeals the decision of Mahoning County Court No. 5, which entered summary judgment in favor of plaintiff-appellee Target National Bank. Appellant raises various issues with the adequacy of the affidavit attached to Target's summary judgment motion. For instance, she claims the affidavit does not establish that it was made upon personal knowledge and that it does not properly incorporate the monthly account statements. These arguments are without merit as the affidavit adequately established, among other things, that the employee was a custodian of records for Target, that reviewing Target's records for collections is in the scope of his job, and that his review of appellant's records provided him with knowledge that her account is delinquent. In addition, the affidavit properly incorporates the monthly statements.

{¶2} Appellant also argues that her affidavit filed in response to the motion for summary judgment sufficiently raised a genuine issue of material fact because she denied that a demand was made and that she owed the amount claimed. However, a general denial is not sufficient to avoid summary judgment. As explained infra, there is a minor issue with the amount of the judgment. For the following reasons, the trial court's entry of summary judgment is affirmed, but the judgment is decreased by $5 to $13,935.21.

## STATEMENT OF THE CASE

{¶3} On July 30, 2010, Target filed a complaint against appellant for $13,940.21 as a result of a delinquent credit card account. Attached to the complaint was the June 11, 2010 billing statement due July 8, which showed that $13,940.21 was both the balance and the minimum payment due and that no payment had been received the prior month. Default judgment was granted but then vacated after appellant stated that she never received the complaint. She then filed an answer to the complaint.

{¶4} Target moved for summary judgment, stating that it was undisputed that appellant opened the account, used it to make purchases, and then failed to pay her bills. Exhibit A to the motion contained monthly billing statements from January 11,

2005 through June 11, 2010. Exhibit B was the affidavit of a Target employee who stated the balance due on appellant's account and who swore that the attached monthly billing statements were kept in the regular course of business.

{¶5} Appellant's response argued that the employee's affidavit was deficient for various reasons and that the monthly statements should not be considered because they were not properly incorporated into the affidavit. She also attached her own affidavit denying that she owed Target the amount claimed and denying that she received a demand for payment regarding a delinquent balance.

{¶6} On May 4, 2012, the trial court granted summary judgment in favor of Target. Appellant filed a timely notice of appeal. She sets forth one assignment of error generally contending that the trial court erred as a matter of law in granting summary judgment to Target. Within her one assignment of error, appellant presents two main arguments: the employee's affidavit was insufficient and there existed a genuine issue of material fact. We divide our analysis accordingly.

SUFFICIENCY OF THE EMPLOYEE'S AFFIDAVIT

{¶7} The facts relied upon in a motion for summary judgment must be the type of evidence listed in Civ.R. 56(C), which includes affidavits. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). The personal knowledge requirement is satisfied if the affiant states that the affidavit was made on personal knowledge (unless controverted by other evidence) or if the contents of the affidavit allow one to infer that the affidavit was made upon personal knowledge. *Bank One, N.A. v. Swartz*, 9th Dist. No. 03CA8308, 2004-Ohio-1986, ¶ 14-16 (personal knowledge where affiant stated she was a foreclosure specialist at bank, loan file was under her immediate supervision, instruments attached to the complaint were accurate copies of the originals, the account was in default for the amount stated). *See also OhioHealth Corp. v. Ryan*, 10th Dist. No. 10AP-937, 2012-Ohio-60, ¶ 32; *Chase Bank, USA v. Curren*, 191 Ohio App.3d 507, 2010-Ohio-6596, 946 N.E.2d 810, ¶ 18 (4th Dist.) (personal knowledge may be inferred from the contents).

**{¶8}** Regarding documents referenced in an affidavit, "Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." *Id.* This requirement is satisfied by a statement in the affidavit declaring that the documents attached are true copies. *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981).

**{¶9}** Appellant posits that the copies of the monthly statements attached to the motion for summary judgment fell outside the scope of Civ.R. 56(C) and thus had to be incorporated by reference in a properly framed affidavit. Appellant then raises various issues with the employee's affidavit in order to argue that neither the affidavit nor the monthly billing statements should have been considered as summary judgment evidence.

**{¶10}** First, appellant argues that the affidavit does not show that it was made with personal knowledge. She relies on a case out of the Ninth District involving an affidavit signed by this same Target employee. *See Target Natl. Bank v. Enos*, 9th Dist. No. 25268, 2010-Ohio-6307. In that case, the court found a lack of personal knowledge because: it seemed the employee gained his knowledge of the facts about the account from reading the summary judgment motion rather than from the business records; the employee's affidavit predated two of the account statements submitted; the employee did not identify his position or title; it was not stated that the employee had personal knowledge of Target's business practice and records; and the affidavit did not identify how many documents were attached or identify them by exhibit letter. *Id.* at ¶ 11.

**{¶11}** Contrary to appellant's argument, the employee's affidavit here is not comparable to the one in *Enos*, which decision is not binding on this court in any event. The employee's affidavit here shows that he gained his knowledge of the account from his review of the business records of Target relating to appellant's account, rather than from reading the motion, as he stated that the attached business records "show" and the business records "indicate" or the business records "do not show." None of the account statements predated the affidavit.

**{¶12}** The employee stated his job title at Target. He explained that he was an assistant secretary, that he was authorized to make the affidavit on Target's behalf, that the information is true and correct to the best of his knowledge, and that the scope of his job responsibility involves processing and collection of credit accounts including appellant's account.

**{¶13}** Moreover, the employee stated that he is familiar with the manner and method by which Target creates and maintains its normal business books and records, including computer records and data. He noted that he is a custodian of their records. He then stated that it is the regular practice of Target to send monthly statement to the accountholders showing the purchases made, payments received, and amounts owed and to maintain these records in the ordinary course of business as a part of a regular business practice.

**{¶14}** Finally, the employee swore that the documents attached were accurate and correct copies of the records relating to the account at issue. That account had already been identified by number and name and described as having monthly statements to evidence its existence. The affidavit was also labeled with a file number, J48805, that corresponded to the number written on every account statement provided in Exhibit A. And, the affidavit identified the monthly statements attached as Exhibit A. Correspondingly, the monthly statements were labeled as Exhibit A.

**{¶15}** This leads into appellant's claim that: the monthly statements were labeled as Exhibit A to the motion for summary judgment; the affidavit was labeled Exhibit B to the motion; and thus, the statements were not properly attached to the back of the affidavit itself. This argument is hypertechnical and without merit in any event. There is not a failure to attach a document merely because that document is stapled to the front of an affidavit as opposed to the back of the affidavit. That is, appellant's argument would not even exist if the affidavit was labeled Exhibit A and the statements were labeled Exhibit B instead of vice versa. Regardless, as Target points out, the language of the rule provides, "attached to **or served with the affidavit**." (Emphasis added.) Civ.R. 56(E).

{¶16} Finally, we dispose of appellant's erroneous assertion that her name is not referenced in the body of the affidavit and that the affidavit appears to be a form as the state, county, employee's name, and employee's job title are handwritten in pen. However, there is nothing prohibiting the use of a form where an affiant fills in the blanks specific to a certain case. *See Citibank, N.A. v. Lesnick*, 11th Dist. No. 2005-L-013, 2006-Ohio-1448, ¶ 15. Additionally, appellant's name is not only listed in the heading of the affidavit, *but it is also clearly set forth in Paragraph 3 of the affidavit.* In fact, appellant's name and credit card number are *typed* into the document twice.

{¶17} For all of these reasons, appellant's arguments concerning the affidavit are overruled.

<u>GENUINE ISSUE OF MATERIAL FACT</u>

{¶18} Summary judgment can be granted where there remain no genuine issues of material fact for trial and where, after construing the evidence most strongly in favor of the nonmovant, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, citing Civ.R. 56(C). The burden of showing that there is no genuine issue of material fact initially falls upon the party who files for summary judgment. *Id.*, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).

{¶19} Thereafter, the nonmovant may not rest upon "mere allegations or denials of the party's pleadings" but must respond by setting forth specific facts showing that there is a genuine issue for trial. *Id.*, citing Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E). Although courts are cautioned to construe the evidence in favor of the nonmoving party, summary judgment is not to be discouraged where a nonmovant fails to respond with evidence supporting the essentials of his claim. *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 269, 617 N.E.2d 1068 (1993).

{¶20} The initial argument appellant makes here revolves around her belief that the first statement submitted (which she says is from April 22, 2006) shows a

balance of $35.10 rather than zero. This argument is without merit and factually incorrect. The first statement submitted is dated January 11, 2005. It shows that appellant's previous balance was $35.10 and that a payment for $35.10 had been made. Thus, it does in fact show a zero balance prior to that month's purchases. This is further demonstrated in that it shows that $667.54 in purchases were made during that cycle and the new balance was the same amount as the purchases made, establishing that the account had a zero balance prior to the purchases specified in that statement.

{¶21} Another argument made here is that the complaint and motion for summary judgment stated that the amount due was $13,940.21, but the employee's affidavit states that appellant's credit records show a balance of $13,935.21. Target states that it was not served with her response below and thus did not get a chance to explain that this was a typographical error in the employee's affidavit. As Target points out, the trial court was presented with this argument below and chose the figure of $13,940.21 because the monthly statement due just prior to the complaint being filed shows this amount. Target also points out that appellant's affidavit stated, "I deny I owe Target National Bank the amount of $13,935.21 or $13,942.21." Using her own claim against her, Target urges that appellant did not deny that she owes Target $13,940.21, allowing the court to use this figure.

{¶22} Contrary to Target's argument, the employee's affidavit did not contain a typographical error. True, the statement due right before the complaint was filed showed a balance of $13,940.21. However, later statements printed closer to the time the affidavit was signed showed a balance of $13,935.21. Notably, the December 2010 statement that shows a $5 "payment from agency" was received. Thus, Target credited her account $5. As such, the employee's affidavit and the final statements attached to that affidavit are consistent.

{¶23} Thus, the error lies in the Target's attorney's factual statement in the motion for summary judgment. Contrary to appellant's assertion, however, this minor discrepancy does not create a genuine issue that would wholly allow her to avoid summary judgment. We are reviewing this case de novo. *See Doe v. Shaffer*, 90

Ohio St.3d 388, 390, 738 N.E.2d 1243, 1245 (2000) (de novo review). We can thus modify the judgment by $5 in favor of appellant.

{¶24} All of the above arguments represent appellant's contentions concerning Target's initial burden in moving for summary judgment. Her final argument, arising upon the resolution of these arguments, deals with whether she met her reciprocal burden. Appellant urges that her affidavit, submitted in her response to Target's summary judgment motion, creates a genuine issue of material fact because it states, "I deny I owe Target National Bank the amount of $13,935.21 or $13,942.21."

{¶25} Target responds that appellant failed to meet her reciprocal burden as this is a bare denial in a self-serving affidavit, which fails to point to any evidence or set forth any theory as to why she does not owe this amount. They posit that in responding to summary judgment, a nonmovant does not meet their reciprocal burden by merely denying that they owe the amount claimed to be due.

{¶26} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, **must set forth specific facts showing that there is a genuine issue for trial**. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." (Emphasis added.) Civ.R. 56(E).

{¶27} In other words, once the initial burden is met, the non-movant has a reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Pinnacle Credit Servs., Inc. v. Kuzniak*, 7th Dist. No. 08MA111, 2009-Ohio-1021, ¶ 15, citing *Dresher*, 75 Ohio St.3d at 294. This is so that the movant will have a meaningful opportunity to respond, which is impossible from a bare denial. *See Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988) (and coining the phrase, "reciprocal burden of specificity").

{¶28} This court has upheld summary judgment entered in favor of a creditor where the defendant merely responded that an amount due is disputed. *American Express Centurian Bank v. Banaie*, 7th Dist. No. 10MA9, 2010-Ohio-6503, ¶ 17 (and

suggesting that the defendant should have offered evidence of what amount was due or what the interest rate should have been). We reiterated that a person does not meet their reciprocal burden by relying on generalities and failing to submit evidence that goes beyond the mere pleading denials. *Id.* at ¶ 25.

**{¶29}** A non-movant's mere denial that a certain listed amount is not owed is not sufficient to thwart a movant's request for summary judgment. *Id. See also Discover Bank v. Combs*, 4th Dist. No. 11CA25, 2012-Ohio-3150, ¶ 20. "[T]he mere rejection of the plaintiff's claim does not meet the nonmovant's burden to set forth specific facts to show there is a genuine issue for trial." *R&R Takhar Oil Co., Inc. v. PN & SN Mann, L.L.C.*, 2d Dist. No. 24444, 2011-Ohio-4548, ¶ 20 (Vukovich, J., writing opinion by assignment), citing *McGuire v. Lovell*, 85 Ohio St.3d 1216, 1218, 709 N.E.2d 841 (1999).

**{¶30}** Here, appellant provided no "specific facts showing that there is a genuine issue for trial" in violation of Civ.R. 56(E). She did not state that she paid this amount down to a different amount, that she did not make the purchases contained in the attached statements, that the interest rate was incorrect, or provide any other specific facts in support of her bare denial that she owes the amount alleged. Accordingly, the court's entry of summary judgment is upheld but modified by $5 to reflect a judgment in the amount of $13,935.21.

Waite, J., concurs.
Celebrezze, J., concurs.