[Cite as *Miller v. Blume*, 2013-Ohio-5290.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STEPHEN MILLER, | ) | |
| | ) | CASE NO.    13 NO 398 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| KEVIN BLUME, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                   Case No. 210-0246.

JUDGMENT:                          Affirmed.

APPEARANCES:
For Plaintiff-Appellant:           Attorney William Burton
                                   119 Maple Street
                                   Marietta, Ohio  45750

For Defendants-Appellees:          Attorney Timothy Loughry
                                   324 Fourth Street, Suite 202
                                   Marietta, Ohio  45750

                                   Attorney Kelly Riddle
                                   508 North Street
                                   Caldwell, Ohio  45724

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                   Dated:  November 27, 2013

[Cite as *Miller v. Blume*, 2013-Ohio-5290.]
VUKOVICH, J.

{¶1} Plaintiff-appellant Stephen Miller appeals from the decision of the Noble County Common Pleas which granted summary judgment in favor of defendant-appellee Kevin Blume. Appellant's sole argument is that his verified complaint provided sufficient summary judgment evidence to show that there was a genuine issue as to whether there was a line fence between the parties' property. This argument is without merit. Moreover, appellant failed to show why the main aspects of his complaint were not moot and how the allegations were actionable in the first instance. For the following reasons, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

{¶2} Stephen Miller and Kevin Blume are neighbors. Blume sought to have a partition fence around his property rebuilt and thus utilized various provisions in Ohio Revised Code Chapter 971. On September 30, 2009, Blume filed an affidavit in the Noble County Recorder's Office swearing that there was an existing fence between his property and Miller's property. *See* R.C. 971.05(A) (providing one year from the September 30, 2008 effective date of the statute).

{¶3} In 2010, Blume filed a complaint with the board of trustees of Jackson Township. *See* R.C. 971.09(A)(1)(a)-(b) (when an owner neglects to build or maintain in good repair a partition fence, the aggrieved owner may either file an action in the common pleas court or file a complaint with the board of township trustees). The trustees then conducted the required viewing of the property line, at which the board is to determine whether a partition fence exists, regardless of whether it is in disrepair, or there is evidence that a partition fence previously existed. *See* R.C. 971.09(B) (which also states that if there is no evidence that a partition fence exists or previously existed, the board shall review the recorder's records to determine whether an affidavit has been filed). *See also* R.C. 971.09(C) (after viewing the fence or premises and reviewing the recorder's records, if applicable, the board may request additional information from either owner).

{¶4} At the next regularly scheduled board meeting after the viewing of the property line (and reviewing the recorder's records, if applicable), the board is to

determine if a partition fence is required to be built or maintained in good repair and, if so, shall decide each owner's responsibility for building or maintaining in good repair the partition fence. R.C. 971.09(D)(1). Prior to the trustees' next regularly scheduled board meeting, Miller filed the within action.

{¶5} Specifically, on December 3, 2010, Miller filed a "verified" complaint asking for an injunction and other relief against Kevin Blume and the Jackson Township Trustees. The complaint asked the court to strike the affidavit Blume filed in the recorder's office, to enjoin the trustees from making a finding that there was an existing line fence, and to prohibit them from ordering him to help construct a fence. The complaint related that Blume's affidavit said there was an existing line fence for more than six years and that the fence previously contained livestock. Miller's complaint asserted that the affidavit was false because there was no existing line fence and also claimed that Blume has publicly stated that he does not intend to keep livestock on the property. The complaint noted that Miller was a landowner in the county for 14 years and then stated that he was "not aware of the existence of any line fence" since the property was strip-mined in 1959.

{¶6} Answers were timely filed in the beginning of 2011. After a year passed without further action, the case was set for a status hearing. At the February 2012 status hearing, the court set the matter for trial and announced a deadline for dispositive motions. Blume filed a motion for summary judgment on May 18, 2012.

{¶7} This motion pointed out that the trustees conducted their viewing of the property and sent out a December 26, 2010 letter announcing their decision that responsibility for the 2500 foot long fence was to be shared equally by Miller and Blume. The letter from the trustees was attached to the summary judgment motion. The letter noted that the trustees viewed the fence in dispute and reviewed the recorder's records. The trustees concluded that "[t]he fence in question has been used as a property dividing line for well over 20 years."

{¶8} Blume's summary judgment motion thus concluded that the complaint was moot as the board has already ruled and also noted that Miller had the opportunity, but failed, to contest the board's decision back in January of 2011 by

utilizing the statutory arbitration process in R.C. 971.09(G)(1), which provides that if an owner does not agree to the board's assignment of responsibility, he may deliver a request for binding arbitration to the board and the other owner not later than thirty days after the assignment was made and shall also deliver a copy of the request to the court of common pleas. The entire statute was attached to the motion, and the motion outlined various other provisions of the statute as well.

{¶9} Blume's motion for summary judgment alternatively urged that there was no genuine issue of material fact as to Miller's claim regarding the lack of an existing fence line or a false affidavit. In support, Blume pointed to three attached affidavits plus the letter from the trustees, noting that the trustees personally viewed the fence line and concluded that there was a fence.

{¶10} One affiant stated that a fence between the properties has been in existence since at least 1946, that the fence was in existence on September 30, 2009, and his most recent observation of the fence was October 10, 2011. Another affiant stated that he personally observed a fence dividing the two properties on numerous occasions, including when he was a child, and that his most recent observation was in 2007. The third affiant stated the fence has been in existence for 20-30 years, evidence of the fence existed on September 30, 2009, and his most recent observation was in December of 2011.

{¶11} On May 23, 2012, the trial court set the motion for a June 18, 2012 non-oral hearing. Miller did not file his response until June 22, 2012. The less than one-page response asked that summary judgment be denied and stated merely two items: "(1) Based upon the Motion, it is clear that whether or not there was a pre-existing fence is a question of fact. (2) It is also clear that the purpose of establishing the fence is not pursuant to statute and, therefore, cannot be used as grounds to make the Plaintiff pay."

{¶12} On January 7, 2013, the trial court granted summary judgment for Blume. The court made note of Miller's late response but considered it nevertheless. The court set forth summary judgment law, noting that the nonmovant may not rest on unsupported allegations in the pleadings and must present specific evidence

showing a genuine issue for trial. The court observed that the only contested fact was the existence of a previous fence. The court found that Blume supported the existence of a previous fence by affidavits and that Miller filed nothing in support of the non-existence of a prior fence "other than by unsupported allegations." The court concluded that the existence of a previous fence was not shown to be a genuine issue of material fact and thus Blume was entitled to judgment as a matter of law. Miller, hereinafter appellant, filed a timely notice of appeal.

## GENERAL SUMMARY JUDGMENT LAW

{¶13} A party against whom a claim is asserted may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor. Civ.R. 56(B). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. *Id.*

{¶14} Thus, summary judgment can be granted only where there remains no genuine issue of material fact for trial and where, after construing the evidence most strongly in favor of the nonmovant, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, citing Civ.R. 56(C). Although courts are cautioned to construe the evidence in favor of the nonmoving party, summary judgment is not to be discouraged where a nonmovant fails to respond with evidence supporting the essentials of his claim. *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 269, 617 N.E.2d 1068 (1993).

**{¶15}** The burden of showing that there is no genuine issue of material fact initially falls upon the party who files for summary judgment. *Byrd*, 110 Ohio St.3d 24 at ¶ 10, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). The rule continues to state, "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." *Id.*

**{¶16}** In accordance, when the movant meets his initial burden, the nonmovant then has a reciprocal burden which is not satisfied by resting upon mere allegations in the complaint because a response, by affidavit or otherwise, must set forth specific facts to demonstrate there is a genuine issue remaining for trial. *Byrd*, 110 Ohio St.3d 24 at ¶ 10, citing Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996).

<u>ARGUMENTS & ANALYSIS</u>

**{¶17}** Appellant's sole assignment of error provides:

**{¶18}** "The trial court erred by failing to recognize that Plaintiff/Appellant's allegations were contained in a Verified Complaint, making the affidavit facts. Under the Rules, an affidavit provides 'supported allegations.' "

**{¶19}** Appellant acknowledges that the movant met the initial burden. The movant filed a motion with pertinent law and argument and attached the trustees' letter and three affidavits swearing to the existence of evidence of a fence (as detailed in our statement of facts). For example, one affidavit stated that the fence between the property of Miller and Blume has been in existence since at least 1946, that he personally observed it on numerous occasions, that it existed on September 30, 2009, and that his most recent observation was on October 10, 2011. Appellant likewise acknowledges that he was thus encumbered with the reciprocal summary judgment burden, which would not be satisfied by resting upon mere allegations in the complaint because a response, by affidavit or otherwise, must set forth specific

facts showing there exists a genuine issue remaining for trial, citing Civ.R. 56(E) and *Grimes v. Grimes*, 4th Dist. No. 08CA35, 2009-Ohio-3216, ¶ 15.

**{¶20}** Appellant also cites *Grimes* in support of his claim that the mere fact that a plaintiff files a verified complaint permits the plaintiff to use solely that complaint to oppose a properly supported summary judgment motion. However, *Grimes* did not address this issue or even involve a verified complaint. Appellant cites no other law in support of his appeal.

**{¶21}** As will be detailed infra, we agree with the trial court's conclusion that Miller failed to establish a genuine of issue material fact for trial. Before we review the trial court's decision that Miller failed to sufficiently respond to show a genuine issue for trial on the matter of a prior fence, we must address other glaring issues.

**{¶22}** Appellant's complaint asked the trial court to strike the affidavit that Blume filed in the recorder's office and for an injunction prohibiting the trustees from finding there was an existing line fence and/or ordering him to construct a fence. However, appellant did not seek a temporary restraining order or a preliminary injunction. Shortly after appellant filed his complaint, the trustees found there was a fence and assigned his responsibility for half.

**{¶23}** Blume's summary judgment motion raised the fact that the trustees already ruled and thus raised a mootness argument. Blume attached the trustee's letter in support. Appellant's minimal response did not object to the movant's attachment of the letter from the trustees. *See State ex rel. Gilmour Realty, Inc. v. Mayfield Heights*, 122 Ohio St.3d 260, 2009-Ohio-2871, 910 N.E.2d 455, ¶ 17 (court can consider a document attached to a summary judgment motion that was not authenticated by affidavit when the nonmovant fails to object to such document). In fact, appellant's response to summary judgment ignored this assertion. Thus, these injunctive issues were shown to be moot, and appellant failed to show otherwise.

**{¶24}** Appellant's response also ignored the assertion that he failed to exercise his statutory remedy to challenge the trustees' assignment of responsibility for the fence by requesting binding arbitration. *See* R.C. 971.09(G)(1) (if an owner does not agree to the board's assignment of responsibility, he may deliver a request

for binding arbitration to the board and the other owner not later than thirty days after the assignment was made and shall also deliver a copy of the request to the court of common pleas). Nor did appellant explain how the factual issue regarding a fence could even be decided by a trial court by the filing of a complaint seeking an injunction.

{¶25} Appellant had the statutory remedies of requesting arbitration or filing an administrative appeal. *See* R.C. 971.09(G)(1); R.C. 2506.01(A) (final order of any board may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located), (B) (the appeal provided in this section is in addition to any other remedy of appeal provided by law). He failed to utilize these procedures and instead improperly attempted to short-circuit that process and ask a trial court to preemptively usurp the decision-making of the board.

{¶26} Basically, appellant's complaint asked a trial court to prohibit a board from exercising those rights given to it by statute. The board was required to issue a ruling by law. Appellant did not file a petition for a writ, and there was no allegation, for instance, that the board had no jurisdiction; rather, the claim appellant made was purely factual. There is no provision for stopping an entity from performing its statutory duty because one of the parties fears the decision may be unfavorable. Appellant essentially attempted to use a complaint to place before a trial court a factual issue that is initially within the board's province.

{¶27} Thus, the trial court could have properly granted grant summary judgment on these bases. We also disagree with appellant's arguments presented on appeal. A plaintiff's complaint is acceptable summary judgment evidence, regardless of whether it was "verified" or not, as a pleading is listed as a type of acceptable evidence in Civ.R. 56(C). In essence, appellant asserts that a "verified" complaint is an exception to the rule that the nonmovant may not rest on the allegations of the pleadings alone.

{¶28} The Supreme Court has generally stated that "[s]worn pleadings constitute evidence for purposes of Civ.R. 56, and courts are not limited to affidavits in determining a summary judgment motion." *State ex rel. Spencer v. East Liverpool*

*Planning Comm.*, 80 Ohio St.3d 297, 298, 685 N.E.2d 1251 (1997). However, one must keep reading. The Court pointed out that the verified complaint made certain allegations that *the movant failed to controvert. Id.*

**{¶29}** The Court's main holding was that, *because the movant failed to set forth evidence* in countering the allegations of the verified complaint, the nonmovant was not obligated to respond with additional evidence to set forth specific facts as per Civ.R. 56(E). *Id.*, citing *Mootispaw*, 76 Ohio St.3d at 385. This suggests that had the movant in *Spencer* sufficiently rebutted the particular allegations made in the complaint, then the nonmovant would have had a reciprocal burden to respond with additional evidence setting forth specific facts.

**{¶30}** Regardless, Civ.R. 56(E) has more than one requirement. It also requires the nonmovant to "set forth specific facts" to counter the movant's supported claim that there is no genuine issue remaining for trial. See *Byrd*, 110 Ohio St.3d 24 at ¶ 10, citing Civ.R. 56(E); *Mootispaw*, 76 Ohio St.3d at 385. An assertion, even a sworn assertion, that the defendant filed a false affidavit and that the nonmovant is not aware of the existence of a fence line is insufficient to meet the reciprocal burden of a nonmovant to set forth specific facts on the issue of the fence line.

**{¶31}** This court regularly upholds summary judgments entered in favor of creditors where the nonmovants merely respond that an amount due was disputed without specifying why it was disputed by stating, for instance, that the purchases were not in fact made, the interest rate was wrong, or the principal had been paid down to a lesser amount. *See, e.g., Target Natl. Bank v. Loncar*, 7th Dist. No. 12MA104, 2013-Ohio-3350, ¶ 28-30; *Citibank v. McGee*, 7th Dist. No. 11MA158, 2102-Ohio-5364, ¶ 29; *American Express Centurian Bank v. Banaie*, 7th Dist. No. 10MA9, 2010-Ohio-6503, ¶ 17. This is because a nonmovant does not meet his reciprocal burden by relying on generalities and failing to submit evidence that goes beyond the mere pleading denials. *Id. See also Discover Bank v. Combs*, 4th Dist. No. 11CA25, 2012-Ohio-3150, ¶ 20; *R & R Takhar Oil Co., Inc. v. PN & SN Mann, L.L.C.,* 2d Dist. No. 24444, 2011-Ohio-4548, ¶ 20 (Vukovich, J., writing by assignment) (mere rejection of other's claim does not meet nonmovant's burden to

set forth specific facts to show genuine issue for trial), citing *McGuire v. Lovell*, 85 Ohio St.3d 1216, 1218, 709 N.E.2d 841 (1999); *Coleman v. Beachwood*, 8th Dist. No. 92399, 2009-Ohio-5560, ¶ 45-46 (plaintiff sued for malicious prosecution; defendant presented summary judgment evidence of probable cause for arrest; court held that generally asserting defendant is lying does not meet the nonmovant's reciprocal burden).

**{¶32}** We conclude that generally stating that he is "not aware" of the existence of a line fence and that Blume's affidavit filed in the recorder's office is false is insufficient to meet the burden to *set forth specific facts* on the claimed lack of a fence. In addition, appellant stated nothing about whether there is "evidence that a partition fence previously existed * * *." *See* R.C. 971.09(B) (the trustees are to determine "whether a partition fence exists, regardless of whether it is in disrepair, or there is evidence that a partition fence previously existed").

**{¶33}** We also note that appellant has previously suggested that Blume's purpose in filing the affidavit was to meet the requirements of new law. However, there is nothing actionable about making a statutorily-defined and permissible filing in order to utilize a new statute. Regardless, appellant concedes that the only issue he is raising here is whether he showed that there was a genuine issue regarding whether there was an existing fence line. (Appellant's Brief 2-3). Also notable is the fact that Miller did not even provide Blume's affidavit to the trial court, even though he claimed it was false and asked the court to strike it from the recorder's records. Furthermore, Miller made no mention of the three affidavits attached to Blume's motion for summary judgment. That is, three affiants now agree with the challenged affidavit, but the response contained no challenge to these affidavits.

**{¶34}** Finally, the content of Miller's response to the summary judgment motion is problematic. All it says (regarding the topic he appeals) is that, based upon Blume's motion for summary judgment, it is clear that whether there was a pre-existing fence is a question of fact. (The other sentence in the response is not decipherable or raised here.) *The response did not even refer to the "verified"*

*complaint. In fact, it explicitly directed the trial court only to Blume's motion for summary judgment.*

{¶35} By not pointing the trial court to the verified complaint *and* by specifically pointing the trial court *only* to the movant's motion, Miller cannot now state that the trial court erred in failing to consider his verified complaint as being a sufficient response to summary judgment. *See, e.g., Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶ 34 (failure to raise an issue before the trial court waives the party's right to raise that issue on appeal). Appellant's position is akin to stating that as long a plaintiff filed a verified complaint at some in the past, he need never respond to a properly supported summary judgment motion at all. However, a reciprocal *burden* inherently requires some kind of affirmative action. For all of the preceding reasons, appellant's assignment of error is overruled.

{¶36} For the foregoing reasons, the judgment of the trial court is hereby affirmed.


Donofrio, J., concurs.
Waite, J., concurs.