[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 297.]

THE STATE EX REL. SPENCER, APPELLANT, *v.* EAST LIVERPOOL PLANNING COMMISSION, APPELLEE.

[Cite as *State ex rel. Spencer v. E. Liverpool Planning Comm.*,

**1997-Ohio-77.**]

*Civil procedure—Summary judgment erroneously granted, when—Mandamus to compel city planning commission to institute an action under city codified ordinances to strike conveyances of land by the county port authority from county records erroneously denied, when.*

(No. 97-555—Submitted September 23, 1997—Decided November 19, 1997.)

APPEAL from the Court of Appeals for Columbiana County, No. 95-CO-17.

––––––––––––––––––

{¶ 1} The Columbiana County Port Authority owned 27.54 acres of property in the city of East Liverpool. In September 1992, the port authority transferred a parcel of 20.80 acres to Waste Technologies Industries ("WTI") by general warranty deed and assignment of lease. The deed and assignment were recorded by the Columbiana County Recorder. The deed and assignment referred to several easements of access. Appellee, East Liverpool Planning Commission, did not approve the transaction.

{¶ 2} In March 1995, appellant, Alonzo Spencer, filed a complaint in the Court of Appeals for Columbiana County for a writ of mandamus to compel the planning commission to institute an action under East Liverpool Codified Ordinances 1159.01 to strike the illegal plat representing the September 1992 transfer of property from the port authority to WTI. After the court of appeals granted an alternative writ, the planning commission filed a memorandum in opposition. Attached to the memorandum were several unattested exhibits and an affidavit. Spencer filed a memorandum in response to the planning commission's

memorandum. The court of appeals converted the parties' memoranda into motions for summary judgment and gave them time to file additional evidence. Spencer subsequently filed a memorandum in opposition to the planning commission's summary judgment motion and in support of his own summary judgment motion. The court of appeals granted the planning commission's motion for summary judgment and denied the writ.

{¶ 3} The cause is now before this court upon an appeal as of right.

_____

*Betras & Dann*, *Marc E. Dann* and *Jeffrey A. Rodgers*, for appellant.

*G. Thomas Rodfong*, East Liverpool Law Director, for appellee.

_____

***Per Curiam.***

{¶ 4} Spencer asserts in his sole proposition of law that the court of appeals erred in granting the planning commission's motion for summary judgment and denying the requested writ of mandamus. Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Leigh v. State Emp. Relations Bd.* (1996), 76 Ohio St.3d 143, 144, 666 N.E.2d 1128, 1130. The court of appeals granted the planning commission's motion for summary judgment and denied the writ based on (1) Spencer's failure to file evidence or an affidavit that he ever requested the planning commission to strike the conveyance, (2) Spencer's failure to show how denial of the writ would cause him injury, and (3) laches. For the following reasons, the court of appeals' stated grounds for summary judgment and denial of the writ of mandamus are erroneous.

**{¶ 5}** First, the court of appeals erred in denying the writ because Spencer "filed no evidence or affidavit that he ever requested Columbiana County to strike or to have those conveyances stricken from the records of Columbiana County." Sworn pleadings constitute evidence for purposes of Civ.R. 56, and courts are not limited to affidavits in determining a summary judgment motion. Civ.R. 56(C); *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 51, 567 N.E.2d 1027, 1031. Spencer alleged in his verified complaint that the planning commission had refused his previous demand that it follow East Liverpool Codified Ordinances 1159.01 and institute proceedings to have the illegal plat stricken from the county records. The planning commission did not introduce summary judgment evidence to controvert these allegations and therefore did not obligate Spencer to respond with additional evidence to set forth specific facts. Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199. In fact, the planning commission did not challenge these allegations of a prior demand and refusal. Therefore, Spencer's allegations in his pleading that the planning commission refused his prior demand were sufficient to withstand summary judgment.

**{¶ 6}** In addition, the ordinance at issue does not condition the planning commission's duty to strike illegal plats on a prior demand and refusal. See, *e.g.*, 1 Antieau, The Practice of Extraordinary Remedies (1987) 297, Section 2.05 ("The majority and better view is that when an applicant [for a writ of mandamus] seeks to hold a public servant to a duty clearly imposed upon him by law, no demand need be shown."); cf. R.C. 733.59, which requires a prior written request on a village solicitor or city director of law by the relator prior to bringing a *statutory* taxpayer action; see, also, *State ex rel. Citizens for a Better Portsmouth v. Sydnor* (1991), 61 Ohio St.3d 49, 572 N.E.2d 649 (action may be allowed as a common-law taxpayer mandamus action if it is not a proper statutory taxpayer action).

**{¶ 7}** The court of appeals also erred in denying the writ because Spencer "has not shown where the denial of mandamus will cause any wrong or injury to [him]." A person must be beneficially interested in the case in order to bring a mandamus action. *State ex rel. Russell v. Ehrnfelt* (1993), 67 Ohio St.3d 132, 133, 616 N.E.2d 237; R.C. 2731.02. A person's status as a taxpayer is generally sufficient to establish a beneficial interest when the object is to compel performance of a duty for the benefit of the public. *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 4, 591 N.E.2d 1186, 1189; *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph nine of the syllabus. Residents are normally taxpayers. *State ex rel. Nimon v. Springdale* (1966), 6 Ohio St.2d 1, 6, 35 O.O.2d 1, 3, 215 N.E.2d 592, 596. Therefore, Spencer's allegation in his complaint that he is a resident of East Liverpool conferred sufficient standing on him to bring the mandamus action.

**{¶ 8}** Further, the planning commission never raised this issue. Cf. *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 533, 653 N.E.2d 349, 353, quoting Civ.R. 17(A) (" 'No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commence-ment of the action by, or joinder or substitution of, the real party in interest.' ").

**{¶ 9}** The court of appeals additionally erred in denying the writ based on laches. In nonelection cases, laches is an affirmative defense which must be raised or else it is waived. Civ.R. 8(C); *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187, 189 ("An affirmative defense is waived under Civ.R. 12[H], unless it is presented by motion before pleading pursuant to Civ.R. 12[B], affirmatively in a responsive pleading under Civ.R. 8[C], or by amendment under Civ.R. 15."); *Graines v. Fleeter* (1985), 30 Ohio App.3d 207, 212, 30 OBR 363, 368-369, 507 N.E.2d 376, 382; cf. *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 145, 656

N.E.2d 1277, 1279 ("Extreme diligence and the promptest of action are required in election cases."). The planning commission never raised laches and consequently waived this affirmative defense. In addition, the parties did not submit evidence concerning laches. The court of appeals erred in finding unreasonable delay and prejudice to the planning commission and WTI. See *State ex rel. Meyers v. Columbus* (1995), 71 Ohio St.3d 603, 605, 646 N.E.2d 173, 174 ("Prejudice will not be inferred from a mere lapse of time."); *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 35, 641 N.E.2d 188, 196 (Laches defense rejected because there was no evidence that respondent's ability to defend against mandamus suit was prejudiced by delay.).

{¶ 10} Based on the foregoing, the court of appeals' stated reasons for granting the planning commission's motion for summary judgment and denying the writ are meritless.

{¶ 11} Nevertheless, the planning commission contends that the court's judgment should still be upheld because the conveyance of property from the port authority to WTI was properly recorded. The planning commission contends that the conveyance was exempt from the requirement of planning commission approval prior to recordation based on R.C. 711.001(B)(1) and East Liverpool Codified Ordinances 1151.09(32)(a). These provisions exempt from the definition of "subdivision" any "division or partition of land into parcels of more than five acres not involving any new streets or easements of access." The planning commission claims that the challenged conveyance created no new easements of access.

{¶ 12} The planning commission's claim, however, is meritless. A review of the general warranty deed and assignment of lease reveals that it did create new easements of access. The planning commission's argument that "easements of access" refer only to easements of access to public streets or roads is not supported by any authority or the plain language of the pertinent legislative provisions.

**{¶ 13}** Finally, there remains a general issue of material fact in this case which precludes summary judgment for either party. Spencer requested in his complaint that a writ of mandamus issue to compel the planning commission to institute an action pursuant to Section 1159.01 of the East Liverpool Codified Ordinances "to have the illegal plat stricken from the records of Columbiana County." Section 1159.01 provides:

"No plat of any subdivision shall be entitled to record in the office of Recorder of Columbiana County or have any validity until it has been approved in the manner prescribed herein. In the event any such unapproved plat is recorded, it shall be considered invalid, and the Planning Commission shall institute proceedings to have the plat stricken from the records of Columbiana County."

**{¶ 14}** It is unclear in this case whether a plat of the conveyance was ever recorded. A "plat" is defined by Section 1151.09(24) as a "map upon which the subdivider's plan of the subdivision is presented and which he submits for approval and intends to record in the final form." The general warranty deed and assignment of lease filed in the court of appeals includes maps relating to the prior lease but does not contain a plat. In the planning commission's court of appeals memorandum, it stated that the challenged conveyance was a deed transfer which did not include a new plat. If no plat was recorded, Section 1159.01, which Spencer is seeking to enforce via mandamus, does not apply.

**{¶ 15}** Accordingly, the court of appeals erred in granting summary judgment in favor of the planning commission. The judgment of the court of appeals is reversed, and the cause is remanded for further proceedings. On remand, the parties should file evidence which comports with Civ.R. 56(C), *i.e.*, "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact," instead of relying on unsworn statements of counsel in memoranda. See *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 97, 647 N.E.2d

788, 792.  While the court of appeals may consider evidence other than that listed in Civ.R. 56 when there is no objection, it need not do so.  See, *e.g., Bowmer v. Dettelbach* (1996), 109 Ohio App.3d 680, 684, 672 N.E.2d 1081, 1084.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____