[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 678.]

THE STATE EX REL. SPENCER, APPELLANT, *v.* EAST LIVERPOOL PLANNING COMMISSION, APPELLEE.

[Cite as *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 1999-Ohio-334.]

*Mandamus to compel city planning commission to institute an action under city codified ordinances to strike conveyances of land by the county port authority from county records denied, when.*

(No. 99-52—Submitted May 26, 1999—Decided June 23, 1999.)

APPEAL from the Court of Appeals for Columbiana County, No. 95-CO-17.

_____

{¶ 1} The Columbiana County Port Authority owned 27.54 acres of property in the city of East Liverpool.  In September 1992, the port authority transferred a parcel of 20.80 acres to Waste Technologies Industries ("WTI") by general warranty deed and assignment of lease.  The deed and assignment, which referred to several easements of access, were filed with the Columbiana County Recorder.  Appellee, East Liverpool Planning Commission, did not pre-approve the conveyance.

{¶ 2} In 1995, appellant, Alonzo Spencer, filed a complaint in the Court of Appeals for Columbiana County for a writ of mandamus to compel the planning commission to institute an action under East Liverpool Codified Ordinances 1159.01 to strike from the records of the county recorder as illegal the plat of the property conveyed in September 1992.  Section 1159.01 provides:

"No plat of any subdivision shall be entitled to record in the office of Recorder of Columbiana County or have any validity until it has been approved in the manner prescribed herein.  *In the event any such unapproved plat is recorded, it shall be considered invalid, and the Planning Commission shall institute*

*proceedings to have the plat stricken from the records of Columbiana County*."
(Emphasis added.)

**{¶ 3}** In 1997, the court of appeals granted the planning commission's
motion for summary judgment and denied the writ. *State ex rel. Spencer v. E.
Liverpool Planning Comm.* (Jan. 31, 1997), Columbiana App. No. 95-CO-17,
unreported, 1997 WL 52892.

**{¶ 4}** On appeal, we reversed the judgment of the court of appeals. *State ex
rel. Spencer v. E. Liverpool Planning Comm.* (1997), 80 Ohio St.3d 297, 685
N.E.2d 1251. We found that Spencer had standing to bring the mandamus action,
that the action was not barred by laches, and that the challenged conveyance created
new easements of access.[1] *Id.* In addition, we held that there remained a genuine
issue of material fact regarding whether a plat had been recorded, and remanded
the cause to the court of appeals to conduct further proceedings. 80 Ohio St.3d at
301, 685 N.E.2d at 1254-1255. We stated that "if no plat was recorded, Section
1159.01 [of the East Liverpool Codified Ordinances], which Spencer is seeking to
enforce via mandamus, does not apply." *Id.* at 301, 685 N.E.2d at 1254.

**{¶ 5}** On remand, the parties filed memoranda and evidence in support of
their motions for summary judgment. Spencer contended that a plat had been
recorded, while the planning commission claimed that no plat of the property
conveyed in September 1992 had ever been recorded. The planning commission
submitted evidence that in August 1998, the original general warranty deed was
presented to and approved by the planning commission, which stamped on the deed,
"Approved by the East Liverpool Planning Commission; No Plat Required," and

---

1. The planning commission had argued that the conveyance was exempt from the requirement of
planning-commission approval prior to recordation based on R.C. 711.001(B)(1) and East Liverpool
Codified Ordinances 1151.09(32)(a)'s exception from the definition of "subdivision" of any
"division or *partition of land* into parcels of more than five acres *not involving any new streets or
easements of access*." (Emphasis added.) 80 Ohio St.3d at 300, 685 N.E.2d at 1254.

that on August 12, 1998, the deed was re-recorded with the Columbiana County Recorder.

{¶ 6} The court of appeals granted the planning commission's motion for summary judgment and denied the writ, holding that the "issue of whether the original plat was approved prior to being recorded is now moot since that deed was submitted and approved by the Planning Commissioner in August of 1998 and re-recorded" pursuant to R.C. 711.131.

{¶ 7} This cause is now before the court upon an appeal as of right.

_____

*Betras, Maruca & Kopp, LLC* and *David J. Betras*, for appellant.

_____

***Per Curiam.***

{¶ 8} Spencer asserts in his propositions of law that the court of appeals erred in denying the requested writ to compel the planning commission to strike the unapproved plat under East Liverpool Codified Ordinances 1159.01.

{¶ 9} In his first proposition of law, Spencer contends that because the property conveyed had never been platted, as required by R.C. 711.01, the court of appeals erred in holding that the subsequent approval of the planning commission cured the original defect.

{¶ 10} Spencer erroneously relies on R.C. 711.01 to claim that approval of the subdivision by the planning commission without a plat is not permitted. As Spencer notes, R.C. 711.01 specifies that "[a]ny person may lay out a * * * subdivision * * * by having a plat of it made by a competent surveyor." R.C. 711.131, however, permits approval of a proposed division of a parcel of land with certain characteristics by a planning authority without the requirement of a plat, "*[n]otwithstanding the provisions of sections 711.001 to 711.13*." (Emphasis added.) The planning commission introduced evidence that the deed was approved and recorded in 1998 in accordance with R.C. 711.131. As the court of appeals

ruled, this 1998 approval by the planning commission mooted the issue of whether the original plat was approved.

**{¶ 11}** In addition, because Spencer now concedes for the first time on appeal that the property was never platted, he cannot obtain a writ of mandamus to strike a plat that does not exist. Mandamus will not issue to compel an impossible act. *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas* (1997), 77 Ohio St.3d 269, 270, 673 N.E.2d 1299, 1300.

**{¶ 12}** Finally, we need not consider the merits of Spencer's second proposition of law, which challenges the constitutionality of R.C. 711.131. Spencer waived this issue by failing to raise it in the court of appeals. *State ex rel. Reyna v. Natalucci-Persichetti* (1998), 83 Ohio St.3d 194, 197, 699 N.E.2d 76, 78; *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 271, 695 N.E.2d 254, 255.

**{¶ 13}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————