{¶ 1} This is an appeal of a paternity and child support judgment rendered by the Belmont County Court of Common Pleas, Juvenile Division. Neither Von P. Hubbard ("Appellant") nor his attorney appeared at the final hearing. Appellant's explanation for failing to appear was that his attorney had negotiated a settlement concerning the amount of child support he would pay. Appellant had no attorney of record at the time of the hearing, was directly notified of the hearing date, failed to appear at the hearing, and the court made a decision based on the evidence presented. Based on the record presented, the judgment of the trial court is hereby affirmed.
 {¶ 2} On April 5, 2001, Alicia M. Spain ("Appellee") filed a Complaint to Determine Parentage in the Belmont County Court of Common Pleas, Juvenile Division. The complaint concerned the paternity of Maricicia A. Tyler, d.o.b. 7/31/1984. Appellant received a copy of the complaint, but did not file an answer.
 {¶ 3} Subsequent filings and notices were sent directly to Appellant because he did not have an attorney of record.
 {¶ 4} A pretrial hearing was set for June 6, 2001, and was continued to July 25, 2001.
 {¶ 5} On or about July 13, 2001, Appellant requested and was granted a continuance of the pretrial hearing until August 8, 2001. Appellant continued to act pro se.
 {¶ 6} The paternity test results were filed on July 17, 2001. The filing contained a notice that allowed the parties to object to the test results within fourteen days. No objections were filed.
 {¶ 7} On August 7, 2001, the court filed a notice that the pretrial hearing was continued to September 5, 2001. A copy of the notice was sent by regular mail directly to Appellant.
 {¶ 8} On August 8, 2001, Appellant filed a letter with court which stated:
 {¶ 9} "This is a formal request for the continuing of a hearing * * *. The request made is to secure council to represent the interest of the plaintiff. * * * I thank the court for it's understanding. The attorney representing me is: Steve Ames and associates of Columbus, Ohio. If you have any questions please feel free to contact the attorney or myself. * * *" (Errors in original.)
 {¶ 10} Appellant did not supply the court with Attorney Ames' address or any other contact information, and the attorney did not file a notice of appearance at this time.
 {¶ 11} Appellant appeared at the September 5, 2001, hearing without counsel and declared that he was not the father. (9/5/01 Journal Entry.) A full trial was set for October 31, 2001.
 {¶ 12} On October 31, 2001, the court rescheduled the trial to December 19, 2001. Notice of the rescheduling was sent directly to Appellant, as no attorney had yet made an appearance in the case on his behalf. (10/31/01 Special Entry.)
 {¶ 13} The December 19, 2001, trial took place as scheduled. Neither Appellant nor any attorney representing Appellant appeared at the trial. Appellee submitted blood test evidence to prove paternity, as well as evidence relating to the parties' incomes.
 {¶ 14} The magistrate filed his decision on January 4, 2002. The magistrate found Appellant to be the biological father of Maricicia. The court ordered Appellant to pay $167.62 in monthly child support, and found him to be in arrears in the amount of $28,236.81, calculated from August 1, 1984, until December 31, 2001. The court ordered Appellant to pay $51.00 per month on the arrearage.
 {¶ 15} On January 31, 2002, Attorney Stephen P. Ames filed a Notice of Appearance as Appellant's counsel. Attorney Ames also filed objections to the magistrate's decision that same day. The objections alleged that there was other relevant evidence which was not presented at the magistrate's hearing, and that a settlement had been negotiated concerning the amount of child support Appellant would pay. The objections do not explain why Appellant did not appear at the December 19, 2001, trial.
 {¶ 16} The trial judge ruled on the objections on February 15, 2002. The court held that it was not bound by any proposed settlement between the parties. The court held that the magistrate's decision would not be set aside based on evidence not presented at the magistrate's trial of the case. The court adopted the magistrate's decision as its order.
 {¶ 17} Appellant filed this timely appeal on March 15, 2002.
 {¶ 18} It should be noted from the outset that all of Appellant's assignments of error have been waived because Appellant did not file objections to the January 4, 2002, magistrate's decision within the fourteen-day time period established by Civ.R. 53(E)(3)(a), which states: "[w]ithin fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." Appellant filed his objections on January 31, 2002. By failing to file timely objections, a party waives the right to challenge errors in a magistrate's report. State ex rel. Booher v. Honda of Am. Mfg.,Inc. (2000), 88 Ohio St.3d 52, 53, 723 N.E.2d 571. "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b). All three of Appellant's assignments of error have to do with the magistrate's findings of fact and conclusions of law. Therefore, Appellant was required to file timely objections to those alleged errors. The trial court was justified in overruling the objections merely on the basis that they were not filed on time.
 {¶ 19} Assuming arguendo that the trial court actually reviewed Appellant's untimely objections, we now review Appellant's first assignment of error which states:
 {¶ 20} "THE TRIAL COURT ERRED IN PROCEEDING WITH A TRIAL ON THE MERITS BEFORE DETERMINING THAT THE DEFENDANT HAD BEEN SERVED WITH NOTICE OF HEARING."
 {¶ 21} Appellant argues that there is nothing in the record showing that he received notice of the December 19, 2001, hearing. Appellant is incorrect in this argument. On October 31, 2001, the court filed an entry notifying the parties of the trial date. The entry shows that the court sent a copy of the notice to Appellant. Notice was not required to be sent to Appellant's attorney because he had not made an appearance in the case. See Civ.R. 5(B). Although Appellant had sent a letter to the court stating that Attorney Ames was his attorney, Appellant did not provide the court with Attorney Ames' address or attorney registration number, and Attorney Ames made no appearance in the case until January 31, 2002.
 {¶ 22} Appellant may not assert his first assignment of error on appeal because he did not raise it in his objections to the magistrate's decision. Failure to raise a specific objection to a magistrate's decision generally constitutes a waiver on appeal of issues which could have been raised by objection. In re Jeffreys (Feb. 20, 2002), 7th Dist. No. 01 BA 4. "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b).
 {¶ 23} Appellant also asserts that he came to a purported agreement with Appellee concerning child support, and that this agreement should have prevented the court from proceeding with the parentage trial. Appellant's argument is unfounded. Even if there was an agreement between the parties (and there is nothing in the record supporting this assertion), R.C. 3114.04(B) states: "[a]n agreement does not bar an action under this section." The "action" referred to in this statute is, "[a]n action to determine the existence or nonexistence of the father and child relationship * * *." R.C. 3114.04(A). The alleged agreement did not bar Appellee from pursuing a parentage action, and the court was free to proceed to judgment despite any alleged agreement. Appellant's first assignment of error is without merit.
 {¶ 24} Appellant's second assignment of error asserts:
 {¶ 25} "The Trial Court Erred In Its Determining Of A Child Support Order In The Absence Of Evidence From The Defendant."
 {¶ 26} Appellant asserts that the child support order could not be determined without some type of input from him. Appellant cites no legal support for this conclusion.
 {¶ 27} The standard of review of a trial court's ruling on a magistrate's decision is whether or not the trial court abused its discretion. State ex rel. Hrelec v. Campbell (2001), 146 Ohio App.3d 112,117, 765 N.E.2d 402. Pursuant to Civ.R. 53(E), the trial court is required to conduct an independent review of the case, and has the, "ultimate authority and responsibility over the [magistrate's] findings and rulings." Hartt v. Munobe (1993), 67 Ohio St.3d 3, 5, 615 N.E.2d 617. The trial judge must decide, "whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]." Inman v. Inman
(1995), 101 Ohio App.3d 115, 118, 655 N.E.2d 199.
 {¶ 28} Appellant's argument raises the question of whether a plaintiff may proceed to trial ex parte when the defendant fails to appear at trial. It is well-established that the plaintiff may proceed to trial even if the defendant fails to appear: "[t]he proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence." Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 122, 502 N.E.2d 599. The court may not issue a default judgment, but rather, must rule on the evidence presented by the plaintiff to determine if the plaintiff provided prima facie evidence to support its case. Id. at 123.
 {¶ 29} Appellee presented evidence, including a blood test, in support of her claim that Appellant was the father of Maricicia. Appellee also testified that Appellant had been trained as an architect, was not disabled in any way, and was able to work at gainful employment. (12/19/01 Tr., pp. 8-9.) Appellee submitted standard child support computation worksheets, which are rebuttably presumed to show the correct amount of child support that is due. R.C. 3119.03. Based on this evidence, the trial court rendered its decision. The court was not required to receive any additional information from Appellant before rendering its verdict. Appellant's second assignment of error is without merit.
 {¶ 30} Appellant's third assignment of error asserts:
 {¶ 31} "The Trial Court Erred In Orderining That Child Support Be Retoactive To The Date Of The Birth Of The Parties Minor Child And Should Have Applied The Doctrine Of Laches."
 {¶ 32} Appellant asserts that the doctrine of laches should have barred Appellee from requesting retroactive child support from 1984. "`Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence.'" Connin v.Bailey (1984), 15 Ohio St.3d 34, 35, 15 OBR 134, 472 N.E.2d 328, quotingSmith v. Smith (1957), 107 Ohio App. 440, 443-444, 8 O.O.2d 424,146 N.E.2d 454.
 {¶ 33} Appellant argues that the doctrine of laches may be applied to parentage actions, citing Wright v. Oliver (1988), 35 Ohio St.3d 10,12, 517 N.E.2d 883: "laches may be applicable in parentage actions filed prior to the expiration of the statute of limitations, but only if the defendant can show material prejudice." Appellant argues that laches may also prevent the court from awarding child support in a parentage action, citing Park v. Ambrose (1993), 85 Ohio App.3d 179, 185,619 N.E.2d 469.
 {¶ 34} Although Appellant is correct that laches may bar some or all of a request for child support arising out of a parentage action, the doctrine of, "laches is an affirmative defense which must be raised or else it is waived." State ex rel. Spencer v. East Liverpool PlanningComm. (1997), 80 Ohio St.3d 297, 299, 685 N.E.2d 1251. "In pleading to a preceding pleading, a party shall set forth affirmatively * * * laches * * * and any other matter constituting an avoidance or affirmative defense." Civ.R. 8(C). "An affirmative defense is waived under Civ.R. 12(H), unless it is presented by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15." State ex rel. Plain Dealer Publishing Co. v. Cleveland
(1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187.
 {¶ 35} Appellant has raised the issue of laches for the first time on appeal. This defense may not be raised for the first time on appeal.State ex rel. Spencer, 80 Ohio St.3d at 299, 685 N.E.2d 1251. Appellant has waived this argument, and therefore, his third assignment of error is without merit.
 {¶ 36} In conclusion, Appellant is barred from asserting his arguments on appeal because he failed to file timely objections to the magistrate's decision in dispute. Furthermore, the trial court was free to proceed to trial on the parentage action even though Appellant failed to appear at trial. The evidence at the trial supported the magistrate's decision and the trial court's ultimate judgment. The doctrine of laches was never asserted at trial and cannot be asserted for the first time on appeal. Therefore, Appellant's three assignments of error are without merit, and the February 15, 2002, judgment of the trial court is affirmed in full.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.