[Cite as *Drogell v. Westfield Group*, 2013-Ohio-5262.]

STATE OF OHIO          )                  IN THE COURT OF APPEALS
                           )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

MARK DROGELL                     C.A. No.      11CA0011-M

     Appellant

     v.                             APPEAL FROM JUDGMENT
                                   ENTERED IN THE
WESTFIELD GROUP              COURT OF COMMON PLEAS
                                   COUNTY OF MEDINA, OHIO
     Appellee                   CASE No.    09CIV0630

DECISION AND JOURNAL ENTRY

Dated: December 2, 2013

---

BELFANCE, Judge.

**{¶1}** Mark Drogell appeals the award of summary judgment from Medina County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

**{¶2}** Mr. Drogell worked for Ohio Farmers Insurance Company for approximately 34 years. In 1997, Mr. Drogell was diagnosed with multiple sclerosis. In 2005, after being denied a promotion, Mr. Drogell went on short-term disability leave and eventually retired early in 2008. Prior to his retirement, Mr. Drogell filed a complaint against Westfield Group but eventually dismissed Westfield.

**{¶3}** Mr. Drogell filed a second complaint against Westfield,[1] alleging that he had been a victim of disability and age discrimination, that he had been constructively discharged in

---

[1] Appellee argued below that Westfield Group was not a proper party because it was merely a trade name for Ohio Farmer's Insurance, and, therefore, was not Mr. Drogell's employer. However, there is no evidence in the record on this point, and the trial court never

violation of public policy, and that Westfield Group had engaged in the intentional infliction of emotional distress against him. Westfield Group moved for summary judgment, and Mr. Drogell moved for an extension of time to file his response, which the trial court granted. On September 27, 2011, three days after Mr. Drogell's materials and brief were originally due, Mr. Drogell filed his brief along with a "rough draft" of the deposition of Keith Vanover, Mr. Drogell's flight instructor, which was not notarized.

{¶4} The trial court determined that the deposition of Mr. Vanover was untimely filed because it had only granted Mr. Drogell an extension of time to file his motion in opposition and not an extension of time to file evidence in support of that motion, and the trial court declined to consider Mr. Vanover's deposition. The trial court originally awarded partial summary judgment to Westfield, but, two months later, the trial court sua sponte reconsidered its decision and awarded Westfield Group summary judgment on all of Mr. Drogell's claims.

{¶5} Mr. Drogell appealed and raised a single assignment of error for our consideration. However, his attorney withdrew, and Mr. Drogell was granted leave to file a supplemental brief once he obtained new counsel, which he did. Mr. Drogell's supplemental brief raises one assignment of error. For ease of discussion, we address Mr. Drogell's supplemental assignment of error first.

II.

SUPPLEMENTAL ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISALLOWED THE DEPOSITION TESTIMONY OF KEITH E. VANOVER WHEN IT CLEARLY CONTRADICTED THE TESTIMONY OF DR. TIMOTHY J.

---

ruled on this issue. Thus, although Appellee makes this argument again on appeal, we decline to address it in the first instance. For the purposes of this appeal, Appellee will be referred to as Westfield.

CARRABINE AND CREATED A FACTUAL DISPUTE AS TO APPELLANT'S HANDICAP CLAIM.

{¶6} Mr. Drogell argues that the trial court abused its discretion when it declined to consider the deposition of Mr. Vanover. While we agree that, under the circumstances, the trial court should not have excluded the deposition based on Civ.R. 32, we conclude that the error was harmless because the deposition at issue does not comply with Civ.R. 30(F)(1)(a).

{¶7} The magistrate set September 27, 2010, as the date for the non-oral hearing on Westfield's motion for summary judgment and ordered that Mr. Drogell's brief and evidence should be filed by September 24, 2010. Mr. Drogell moved for an extension until September 27, 2010, to file his "response[,]" which the trial court granted. On September 27, 2010, Mr. Drogell filed his motion in opposition of summary judgment, an affidavit signed by him, and a "rough draft" of Mr. Vanover's deposition that was not notarized. The trial court declined to consider Mr. Vanover's deposition because it determined that the deposition was untimely filed pursuant to Civ.R. 32 because it had only given Mr. Drogell an extension to file his "response" to Westfield's motion for summary judgment but "did not * * * extend the time for filing depositions." *See* Civ.R. 32(A) ("Every deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing.").

{¶8} We find the trial court's interpretation of its order troubling. Under the circumstances, the order was ambiguous as it mirrored the request in Mr. Drogell's motion for an extension of time to file his "response[.]" A "response" to a motion for summary judgment could theoretically include both the brief and the Civ.R. 56 evidence relied on by the brief. Given that Mr. Drogell attempted to file Mr. Vanover's deposition on September 27, 2010, with his brief in opposition, it would certainly appear that he believed the trial court's extension

included the filing of depositions. Thus, under the circumstances, the trial court should not have disregarded the deposition on the basis of Civ.R. 32.

{¶9} Nevertheless, we cannot sustain Mr. Drogell's supplemental assignment of error. The document Mr. Drogell filed that purports to be Mr. Vanover's deposition is not certified by the officer who transcribed the deposition. *See* Civ.R. 30(F)(1)(a) ("Upon request of any party or order of the court, the officer shall transcribe the deposition. * * * The officer shall certify on the transcribed deposition that the witness was fully sworn or affirmed by the officer and that the transcribed deposition is a true record of the testimony given by the witness."). The deposition in this case was not bound and was stamped "rough draft[,]" and the certification page is unsigned. Given that the transcription of the deposition did not comply with the Civil Rules, the trial court was under no obligation to consider it. *See State ex rel. Spencer v. East Liverpool Planning Comm.*, 80 Ohio St.3d 297, 301 (1997) (noting that, while a court may consider evidence other than that listed in Civ.R. 56 if there is no objection, it is not required to do so).

{¶10} Thus, we cannot conclude that the trial court's refusal to consider Mr. Vanover's deposition constitutes reversible error in this case. *See* Civ.R. 61. Accordingly, his supplemental assignment of error is overruled.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE WHEN [A] GENUINE ISSUE OF MATERIAL FACT EXISTED REGARDING APPELLANT'S CLAIMS.

{¶11} Mr. Drogell argues that the trial court erred in granting summary judgment in favor of Westfield. We disagree.

{¶12} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court,

viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8.

{¶13} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶14} We initially note that Mr. Drogell does not challenge the trial court's award of summary judgment on his claim of violation of public policy, and, therefore, we do not address it. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Mr. Drogell also makes very limited arguments regarding his claims for disability discrimination, age discrimination, and intentional infliction of emotional distress, and we confine our analysis accordingly. *See id*.

**Disability Discrimination**

{¶15} Mr. Drogell alleged in his complaint that Westfield had engaged in disability discrimination in violation of R.C. Chapter 4112. R.C. 4112.02(A) provides that it is "an unlawful discriminatory practice[ f]or any employer, because of the * * * disability * * * of any

person, to discharge without just cause * * * or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." The ultimate issue in cases alleging employment discrimination under R.C. Chapter 4112 is whether the adverse employment action was motivated, at least in part, by discriminatory intent. *See Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 571 (1998). A plaintiff may attempt to prove discriminatory intent through direct evidence or indirect evidence. *See Williams v. Akron*, 107 Ohio St.3d 203, 2005-Ohio-6268, ¶ 9-11 ("Because of the difficulty of proving a discrimination claim, especially where there is no direct evidence of discriminatory motive, the Supreme Court created an analytical framework to address 'the order and allocation of proof' in such cases. *McDonnell Douglas Corp. v. Green*[], 411 U.S. 792, 800 * * * [(1973)]."). *See also Cittadini v. Southwest Gen. Health Sys.*, 8th Dist. Cuyahoga No. 96254, 2011-Ohio-6464, ¶ 15. When relying upon indirect evidence to prove discriminatory intent, courts rely upon a burden-shifting paradigm articulated in *McDonnell Douglas*. *Williams* at ¶ 9. *See also McFee v. Nursing Care Mgt. of Am., Inc.*, 126 Ohio St.3d 183, 2010-Ohio-2744, ¶ 35 (The *McDonnell Douglas* analysis should be involved in cases where indirect evidence of sex discrimination is alleged); *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, ¶ 13-14 (Courts should apply the burden-shifting framework of *McDonnell Douglas* in cases of retaliatory discharge); *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, ¶ 8-9 (Courts should apply the *McDonnell Douglas* paradigm in age-discrimination cases.). Under this paradigm, the plaintiff must first establish a "prima facie case" which in turn shifts the burden to the employer to articulate a legitimate non-discriminatory reason for the adverse employment action. *See, e.g., Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir.1996) ("If the plaintiff seeks to establish

his or her case indirectly, without direct proof of discrimination, the plaintiff may establish a *prima facie* case of discrimination by showing that: 1) he or she is disabled; 2) otherwise qualified for the position, with or without reasonable accommodation; 3) suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced.") (Italics sic.).[2]  Assuming this occurs, the burden shifts back to the employee to establish that the employer's proffered explanation is a mere pretext for unlawful discrimination.  Although the *McDonnell Douglas* paradigm may vary slightly in light of the type of discrimination at issue, the paradigm requires the employee to provide evidence that he or she is otherwise qualified for the position with or without reasonable accommodation.

{¶16} The issue in this case involves Mr. Drogell's challenge to the trial court's determination that there was no material dispute of fact as to whether he was qualified for his position with or without reasonable accommodation.  As noted above, Mr. Drogell was diagnosed with MS in 1997.  He continued to work at Westfield until taking early retirement in 2008.  During his deposition, Mr. Drogell stated that in 2005, he applied for short-term disability leave which began on July 11, 2005.  He then applied for long-term disability which commenced in January 2006.  In July 2005, Mr. Drogell applied for SSDI.  In addition, he applied for an early distribution from his 401(k).  In connection with his application for the early 401(k) distribution, Mr. Drogell stated that he agreed that as of July 11, 2005, he had severe limitations in functional capacity and was incapable of minimal sedentary activities.  He also agreed that he was incapable of performing work of any kind indefinitely and that he was not a suitable

---

[2] In *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir.2012), the Sixth Circuit modified the test set for in *Monette* so that a plaintiff need no longer show that he or she suffered an adverse employment action *solely* due to his or her disability.  *Lewis* at 317-319.

candidate for rehabilitation services. Finally, he also agreed that there were no job modifications that would enable him to work with his impairment. In light of the above testimony, the trial court determined that there was no material dispute of fact that Mr. Drogell was not qualified for the position he held at Westfield and, therefore, Westfield was entitled to summary judgment on Mr. Drogell's disability discrimination claim.

{¶17} Mr. Drogell argues that the trial court's determination was incorrect, pointing to his affidavit and to the deposition of Mr. Vanover for support. However, the trial court did not consider the deposition of Mr. Vanover, and, as discussed above, given that the deposition did not comply with Civ.R. 32, it was not required to. *See Spencer*, 80 Ohio St.3d at 301. While the dissent concludes that this case should be remanded so that the trial court could exercise its discretion in the first instance as whether to consider Mr. Vanover's testimony, we note that the trial court implicitly indicated in its judgment entry that it had looked at Mr. Vanover's deposition, stating that it "d[id] not believe that if it had considered the deposition that it would have reached a different result." We agree with the trial court's conclusion. Mr. Vanover testified in his deposition that Mr. Drogell took classes to learn how to pilot an airplane and that Mr. Drogell had piloted a plane while Mr. Vanover sat next to him in the cockpit in 2008. It is unclear how Mr. Vanover's testimony that Mr. Drogell was able to participate in a leisure activity during a period when he was on disability leave and not actively working contradicted Mr. Drogell's own admissions that he was no longer capable of performing his job. Thus, even if Mr. Vanover's deposition were considered, there would still be no material dispute of fact.

{¶18} In his affidavit, Mr. Drogell averred that he can "walk, talk, see hear, dress [him]self, feed [him]self, and drive an automobile." He also averred in his affidavit that "the information contained in the [Social Security Disability] application states that [he is] completely

disabled from any employment[]" and that "the [Social Security Disability] application was completed solely on the advice and information provided by [his] doctor." However, the averments in Mr. Drogell's affidavit are insufficient to fulfill his reciprocal *Dresher* burden with respect to demonstrating the existence of a material dispute of fact. *Dresher*, 75 Ohio St.3d at 293. Even assuming that the information on Mr. Drogell's Social Security Disability application was untrue,[3] he testified in his deposition that he applied for disability leave in July 2005 because he believed he could no longer perform his job and that he agreed with his doctor's statements on the forms submitted to receive a distribution from his 401(K) that he was incapable of performing any job with or without an accommodation. Given these facts, Mr. Drogell's averment that he can perform essential functions of daily life do not create a material dispute of fact regarding his ability to perform the essential functions of his job, or any job, with or without an accommodation. Furthermore, Mr. Drogell stated his doctor never told him to apply for Social Security Disability, and it is well established that "an affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat a motion for summary judgment." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 28. Therefore, we cannot conclude that, to the extent Mr. Drogell's affidavit contradicts his deposition testimony, it creates a material dispute of fact about his ability to perform his job duties at Westfield.

---

[3] The Supreme Court of the United States has noted that claims under the Americans with Disability Act and the Social Security Disability Insurance program "can comfortably exist side by side." *Cleveland v. Policy Mgt. Sys. Corp.*, 526 U.S. 795, 803 (1999). "[W]hen the SSA determines whether an individual is disabled for SSDI purposes, it does *not* take the possibility of 'reasonable accommodation' into account, nor need an applicant refer to the possibility of reasonable accommodation when she applies for SSDI." (Emphasis sic.) *Id*.

{¶19} Thus, under the circumstances, we conclude that there is no material dispute of fact that Mr. Drogell was not qualified for his position because even he acknowledged that he could no longer perform it with or without accommodation. Based on Mr. Drogell's very limited appellate arguments, we overrule his assignment of error as it applies to the award of summary judgment on his disability discrimination claim.

**Age Discrimination**

{¶20} R.C. 4112.02(A) provides that it is "an unlawful discriminatory practice[ f]or any employer, because of the * * * age * * * of any person, to discharge without just cause * * * or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

> Absent direct evidence of age discrimination, in order to establish a prima facie case of a violation of R.C. 4112.14(A) in an employment discharge action, a plaintiff-employee must demonstrate that he or she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age.

*Coryell*, 101 Ohio St.3d 175, 2004-Ohio-723, at paragraph one of the syllabus. "This test is a descendant of *McDonnell Douglas Corp. v. Green*[], 411 U.S. 792 * * * [(1973))], in which the United States Supreme Court promulgated an analytical framework for claims of race discrimination." *Id*. at ¶ 9.

{¶21} With respect to his age discrimination claim, Mr. Drogell did not identify any direct evidence of discriminatory intent based upon his age in his complaint thereby necessitating employment of the *McDonnell Douglas* burden-shifting framework. *See Coryell* at ¶ 9. As with his disability discrimination claim, the trial court determined that Westfield was entitled to summary judgment because there was no dispute of fact as to whether Mr. Drogell was qualified for his position. The trial court again relied upon the deposition testimony detailed above. In his

merit brief, Mr. Drogell relies upon his affidavit to establish a genuine issue of material fact and advances the same argument as he makes regarding his disability claim. However, as discussed above, Mr. Drogell's affidavit is insufficient to create a material dispute of fact of this issue insofar as it contradicts his deposition testimony. *See Byrd*, 110 Ohio St.3d 24, 2006-Ohio-3455, at ¶ 28. However, to the extent that his affidavit does not contradict his deposition testimony, it was nonetheless insufficient to demonstrate a dispute of material fact as to whether he was qualified for his position. As noted above, the fact that Mr. Drogell could perform certain daily functions of life was insufficient to create a material dispute of fact in light of his statements that he could not perform the functions of his job. [4] Accordingly, based on the limited arguments made on appeal, Mr. Drogell's assignment of error is overruled to the extent it challenges the award of summary judgment on his claim of age discrimination.

**Intentional Infliction of Emotional Distress**

{¶22} Mr. Drogell argues that the trial court erred in granting summary judgment to Westfield on his claim for intentional infliction of emotional distress because "[Westfield]'s constructive discharge of [Mr. Drogell] came without any warning * * *." "In a case for intentional infliction of emotional distress, a plaintiff must prove (1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress." *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410 (1994).

> "* * * It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.

---

[4] We do not mean to say that this type of evidence is immaterial to every employment discrimination case; however, in the context of this case, it was insufficient to demonstrate a dispute of material fact.

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"

*Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousement, & Helpers of Am*, 6 Ohio St.3d 369, 374-375 (1983) (abrogated on other grounds by *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451), quoting Restatement of the Law 2d, Torts, Section 46, comment d (1965).

{¶23} In its motion for summary judgment, Westfield argued that there was no dispute of material fact as to whether it had engaged in extreme and outrageous conduct against Mr. Drogell and that he had not pointed to any evidence of extreme and outrageous conduct. Westfield further pointed to the accommodations it provided Mr. Drogell as evidence that its conduct toward Mr. Drogell was appropriate. These accommodations included providing him with a special chair, moving his workstation closer to the restroom, providing him with a note taking device and transcripts of meetings with his supervisor, and allowing Mr. Drogell to work from home. Westfield also pointed to Mr. Drogell's concession in his deposition that he had chosen to retire early and that he had been on disability leave for three years prior to his retirement, thus suggesting that Mr. Drogell's motive for retiring had nothing to do with extreme and outrageous conduct on Westfield's part. Westfield essentially argued that, in light of the undisputed evidence that they accommodated Mr. Drogell's disability and that they did not force Mr. Drogell to retire, there was no conduct by Westfield that would constitute extreme and outrageous conduct. Therefore, it argued, Mr. Drogell's claim of intentional infliction of emotional distress must fail as a matter of law.

{¶24} Mr. Drogell argued in his response to Westfield's motion for summary judgment that Westfield's "constructive discharge of [him] came without any warning and caused [him] to experience loss of sleep, extreme nervousness and severe emotional distress. Clearly, [Westfield]'s constructive discharge of [Mr. Drogell] after 34 years of service constitutes the type of severe and outrageous conduct enunciated in *Yeager*." We cannot conclude that Mr. Drogell met his reciprocal *Dresher* burden because he did not point to any evidence in the record demonstrating that there was a material dispute of fact. The closest he came in his opposition to summary judgment was his statement that he "was forced to take disability leave from employment by [Westfield]." However, he does not point to specific actions taken by Westfield that forced him to take the disability leave, nor does he point to conduct on behalf of Westfield that, even when viewed in the light most favorable to him, would constitute outrageous or egregious conduct. Thus, the record reflects that Mr. Drogell did not meet his reciprocal *Dresher* burden by pointing to specific facts in the record that demonstrate a genuine dispute of material fact as to whether Westfield engaged in outrageous or egregious conduct against him.

{¶25} Likewise in his merit brief on appeal, Mr. Drogell has not pointed to specific facts in the record that demonstrate that the trial court erred in its determination that there was an absence of a genuine dispute of material fact as to whether Westfield engaged in outrageous or egregious conduct against him. Accordingly, we overrule his assignment of error with regard to his claim of intentional infliction of emotional distress.

III.

{¶26} Mr. Drogell's assignments of error are overruled. The Medina County Court of Common Pleas' award of summary judgment to Westfield is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
DISSENTING.

**{¶27}** I respectfully dissent. I agree with the majority's conclusion that the trial court erred by disregarding Mr. Vanover's deposition on the basis of Civ.R. 32. However, while there were issues with the certification of the deposition pursuant to Civ.R. 30(F)(1)(a), this Court has consistently held that a trial court has discretion to consider improper Civ.R. 56 evidence in the absence of an objection to that evidence by the opposing party. *See Stoll v. Gardner*, 182 Ohio

App.3d 214, 2009-Ohio-1865, ¶ 24 (9th Dist.); *Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146, ¶ 18 (9th Dist.); *Wayne Sav. Community Bank v. Gardner*, 9th Dist. Wayne No. 08CA0016, 2008-Ohio-5926, ¶ 17.  Here, because the trial court improperly concluded that the deposition was untimely filed, it did not have an opportunity to exercise that discretion.  I would sustain Mr. Drogell's supplemental assignment of error, and remand this matter to give the trial court an opportunity to consider Mr. Vanover's deposition.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

MICHELLE PIERCE STRONCZER, Attorney at Law, for Appellee.