[Cite as *State ex rel. Alford v. Montgomery Cty. Child Support Enforcement Agency*, 2023-Ohio-1163.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE EX RE. BRIAN KEITH ALFORD<br><br>    Relator<br><br>v.<br><br>MONTGOMERY COUNTY CSEA<br><br>    Respondent | C.A. No. 29661<br><br><br><br>**DECISION AND FINAL JUDGMENT ENTRY** |

_____

PER CURIAM:

**{¶ 1}**   This matter is before the court on relator Brian Keith Alford's February 21, 2023, "Motion for Judgment on the Pleadings or In the Alternative Motion for Summary Judgment." Respondent, the Montgomery County Child Support Enforcement Agency ("CSEA"), did not file a response to the motion. For the reasons set forth in this decision, Alford's motion will be overruled, and his petition will be dismissed.

## Factual Background

**{¶ 2}**   On December 6, 2022, Alford, an inmate at Chillicothe Correctional Institution, filed a petition for a writ of mandamus seeking to compel the CSEA to return $1,887.32 in "Economic Impact Payments" that it seized through its federal income tax refund offset program. Although the CSEA moved to dismiss Alford's petition for failure to state a claim upon which relief may be granted, on February 7, 2023, this court overruled the motion.

{¶ 3} For purposes of Civ.R. 12(B)(6), we accepted as true Alford's claim of entitlement to the $1,887.32 under the Coronavirus Aid Relief and Economic Security Act of 2020, Pub. L. 116-136, and the Coronavirus Response and Relief Supplemental Appropriations Act of 2021, Pub. L. 116-260. Economic Impact Payments are considered advance payments of "Recovery Rebate Credits" claimed on a taxpayer's 2020 federal income tax return. We reasoned that if Alford did not meet the requirements of the CSEA's federal income tax refund offset program, the agency would have a legal obligation to return the Economic Impact Payments to him. Further, it was unclear whether Alford had an adequate remedy at law to dispute the CSEA's seizure of the Economic Impact Payments. Accordingly, it appeared to this court that there was a set of facts under which Alford might prevail on his mandamus claim. We ordered the CSEA to file an answer to the petition.

{¶ 4} On February 21, 2023, the CSEA filed a "Response" to the petition, which we construe as an answer. Thus, the pleadings are closed in this matter. We proceed to review Alford's motion on its merits.

### Law and Analysis

{¶ 5} We begin with the observation that Alford seeks alternative relief: judgment on the pleadings or summary judgment. The evidence we may use to evaluate each motion differs. Our review of a Civ.R. 12(C) motion is "restricted solely to the allegations in the pleadings and any writings attached to the [petition]." *Dearth v. Stanley*, 2d Dist. Montgomery No. 22180, 2008-Ohio-487, ¶ 24, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973). In contrast, when reviewing a motion for summary judgment, this court may consider "the pleadings, depositions, answers to interrogatories,

written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." Civ.R. 56(C). We may also consider evidence other than that listed in Civ.R. 56(C) when there is no objection. *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 301, 685 N.E.2d 1251 (1997).

**{¶ 6}** Alford's motion presents matters outside his petition. Because Alford has invited us to consider the broader evidentiary record, which includes an affidavit supporting his motion, *see* Civ.R. 56(E), we will evaluate the motion under the summary judgment standard.

## Summary Judgment

**{¶ 7}** Summary judgment should be granted when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The moving party bears the burden of proving there is no genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 664 (1996). If the moving party satisfies its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. *Id.*; Civ.R. 56(E).

## Elements of Mandamus

**{¶ 8}** In a mandamus action, the relator must establish that he or she has a clear legal right to the requested relief, the respondent has a clear legal duty to provide it, and the relator lacks an adequate remedy in the ordinary course of the law. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 13, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

**The January 3, 2023, IRS Letter**

{¶ 9}  As evidence in support of his motion for summary judgment, Alford has attached a January 3, 2023, form letter addressed to him from the United States Department of the Treasury, Internal Revenue Service ("IRS"). Although the letter is not Civ.R. 56(C) evidence, the CSEA did not object to its authenticity or admissibility. Further, we have no reason to doubt that it is what it appears to be or that it would be admissible at a trial. Thus, we consider the letter as evidence for summary judgment purposes.

{¶ 10} The letter, IRS Letter 105C, informs Alford that the IRS "disallowed [his] claim for credit for the tax period listed at the top of this letter [Dec. 31, 2020]." Further, the letter reflects that the amount of the disallowed claim is $1,887.32 and that the claim relates to his income tax return. The letter concludes with information regarding Alford's ability to appeal the IRS's decision to disallow his claim.

{¶ 11} The IRS's letter, which this court lacked when we overruled the CSEA's motion to dismiss, is significant. It demonstrates that any legal right Alford may have to the Economic Impact Payments he seeks to recover from the CSEA is contingent at best. Alford's entitlement to the Economic Impact Payments depends on a future IRS determination that the agency erred in disallowing his claim. If the IRS does not reverse its determination, Alford would need to file an administrative appeal before the IRS Independent Office of Appeal to secure a legal entitlement to the funds. And, if an administrative appeal did not resolve the matter in Alford's favor, he would need to appeal to the United States District Court or Court of Federal Claims.

{¶ 12} All of this is to say, the absence of a genuine issue of material fact does not favor Alford. The IRS has disallowed Alford's claim to the Economic Impact Payments.

Given the IRS's determination, Alford cannot, as a matter of law, prevail in a mandamus action to compel the recovery of those payments from a third-party such as the CSEA. He is not entitled to receive them. Therefore, his mandamus claim must fail.

### Conclusion

{¶ 13} For all the foregoing reasons, relator Brian Keith Alford's "Motion for Judgment on the Pleadings or In the Alternative Summary Judgment" is OVERRULED. Further, Alford's March 8, 2023, "Request for Permission to File a Reply to Respondent's Response to Writ of Mandamus and In Support of Summary Judgment," is OVERRULED as moot. This action, Montgomery County Appellate Case No. 29661, is DISMISSED. Writ of Mandamus DENIED.

SO ORDERED.

_____
MICHAEL L. TUCKER, JUDGE


_____
CHRISTOPHER B. EPLEY, JUDGE


_____
RONALD C. LEWIS, JUDGE

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

_____
MICHAEL L. TUCKER, JUDGE